UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENE COCHISE )<br>P.O. BOX 23213 )<br>Alexandria, Virginia 22304 )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>GALE A. NORTON )<br>SECRETARY, DEPARTMENT )<br>OF THE INTERIOR )<br>1849 C STREET, NW )<br>Washington, D.C. 20240 )<br>)<br>Defendant. )<br>) | Case Number_____ |

**COMPLAINT FOR VIOLATIONS OF TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964, §701, *et seq.*,
<u>AS AMENDED 42 U.S.C. §20003, *et seq.*</u>**

Plaintiff Rene Cochise, by and through counsels ("plaintiff"), hereby submits this Complaint against defendant Gale A. Norton, Secretary, Department of Interior (alternatively, "defendant"), and alleges as follows:

**I. JURISDICTION**

1. This Court has jurisdiction of this action pursuant to the provisions of 28 U.S.C. §1331, *et seq.* (Federal Question) to remedy acts of employment discrimination generally, and race (Native American) discrimination and retaliation specifically, taken against the plaintiff. Venue in this Court is proper pursuant to the provisions of 28 U.S.C. §1391(a) through (c), and 42 U.S.C. §2000e-5(f)(3).

2. Plaintiff has complied with all the jurisdictional prerequisites to action under Title 42 U.S.C. §2000e, *et seq.*, as follows:

a. Plaintiff has, in a timely fashion, filed formal charges pursuant to 29 C.F.R. 1614.109, *et seq.* An EEOC administrative hearing was conducted and the Administrative Judge made no findings of fact or conclusions of law regarding the allegations of the Complaint. However, the Administrative Judge ruled that there was no unlawful employment discrimination. The EEOC civil action notice is attached.

b. Plaintiff appealed the decision of the Administrative Judge and the EEOC Office of Federal Operations affirmed the decision, and issued plaintiff a right to file a civil action notice on March 3, 2006. Plaintiff has exhausted her administrative remedies.

## II. PARTIES

3. Plaintiff Cochise is a resident of the State of Virginia, a citizen of the United States, and over the age of twenty-one. She began her employment as a Policy Analyst, with the United States Department of Interior, Bureau of Reclamation, Native Affairs Office (NAAO) on August 17, 1997 and remained with the agency during the relevant time period of this complaint.

4. Defendant Gale A. Norton is the Secretary of the United States Department of Interior.

## III. FACTUAL BACKGROUND

5. Christopher Kenney ("Kenney") is the Director, Office of Native American Affairs, Bureau of Reclamation, Native American Affairs Office (NAAO), Washington, D.C.

6. Barbara White ("White") is a Policy Analyst, GS-14, and she was a co-worker of Plaintiff Cochise.

7.  Plaintiff Cochise filed three administrative discrimination complaints against the Agency. The first complaint (WBR-00-005) alleges discrimination on the basis of race (Native American) and reprisal for her prior participation in the EEO counseling process when: From August 25-29, 1997, and currently, actions taken by her supervisor, Chris Kenney, *i.e.*, when on December 10, 1999, a letter of counseling was issued to Ms. Cochise, and actions taken by a co-worker, Barbara White, have created a hostile work environment.

8.  The second complaint (WBR-00-023) alleged discrimination on the basis of race (Native American) and reprisal for her prior participation in the EEO complaint process (Docket Number WBR-00-005). Ms. Cochise claims that nine difference incidents or actions were taken (*see*, administrative complaint No. 00-023 for the enumerated counts) by the alleged discriminating officials (ADO's), Christopher Kenney and Barbara White, which have created a hostile work environment. Because of Christopher Kenney's discriminatory actions, Plaintiff Cochise has not been promoted to the Policy Analyst, GS-301-14 grade.

9.  The third complaint (WBR-01-021) alleged that Ms. Cochise was subjected to discrimination based upon race (American Indian) and reprisal when she was subjected to a hostile work environment from March 15, 2001 to April 24, 2001. Ms. Cochise alleges that during a meeting with Mr. Kenney, he told her that he was conducting an "administrative investigation" into her misconduct for failing to follow his instructions and that if she gave any false answers to his questions that she could be subjected to criminal prosecution. Mr. Kenney also proposed a three-day (3) suspension without pay for her alleged misconduct for failure to follow his instructions. However,

Mr. Kenney's superior officers refused to approve the three-day suspension, therefore, the suspension did not take place.

## COUNT I

## RACE (NATIVE AMERICAN) DISCRIMINATION

10. Plaintiff repeats, reasserts, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above as though they were fully and completely set forth herein.

11. Plaintiff Cochise alleges that on the basis of her race (Native American) and in reprisal for her participation in the EEO counseling process when: From August 25-29, 1997 until calendar year 2004, actions taken by her supervisor, Chris Kenney, *i.e.*, when on December 10, 1999, a letter of counseling was issued to Ms. Cochise, and actions taken by a co-worker, Barbara White, have created a hostile work environment.

12. The discriminatory actions of the Agency establish a pattern of continuing violations based upon a hostile work environment created by Mr. Kenney and his "special" friend, Ms. Barbara White. These continuing violations range from letters of counseling and reprimand to the refusal to provide work assignments and information, which Mr. Kenney maintained was necessary for the Complainant to advance to the GS-14 grade.

13. Plaintiff Cochise alleges discrimination on the basis of race (Native American) and reprisal for her prior participation in the EEO complaint process (prior complaint Docket Number WBR-00-005). Mr. Kenney and Ms. Barbara White have created a hostile work environment. Because of the situation between Complainant and

her supervisor Chris Kenney, she has not been promoted to the Policy Analyst, GS-301-14 grade.

14.    On March 6, 2000, the Plaintiff was assigned by Mr. Kenney to write a "white paper" on the database and upon completion of the assignment by the Plaintiff, Mr. Kenney provided criticism in an unprofessional manner to other staff members about the completed assignment.

15.    On March 9, 2000, Complainant Cochise was issued a directive by Mr. Kenney instructing her not to meet with any Indian tribes unless approved by Mr. Kenney first.

16.    Mr. Kenney ("ADO") has treated Ms. Cochise in a discriminatory and disparate manner, and he has retaliated against her because he did not apply the "New Rule" (directive) to other similarly-situated employees within the office. Ms. Cochise was not responsible for setting the meeting with the Pueblo representatives.

17.    The "New Rule" directive applied only to Ms. Cochise because Ms. Lynne Davis Dyer, Program Analyst, GS-11, stated in her affidavit that *"I am aware of the directive being issued to Ms. Cochise because she told me about it. No one else has had a similar directive issued to him or her, and I know of no policy on employees meeting with Indian tribes. The reason Ms. Cochise gave me concerning Mr. Kenney's directive to her was that he felt that because she was Native American, he believed her friendship with the tribes would provide entrée to tribal governing members, and he wanted to take advantage of it. She believed this was wrong, and that these friendships were personal and not work-related."*

*"Two members of our office, Darrell Ewing and John Peterson are located in Denver, CO, and their jobs are equivalent to Ms. Cochise's job. They met with Indian tribes and this level of scrutiny was not applied to them. The restrictions were applied to Ms. Cochise because of Mr. Kenney's animosity toward her."*

18. Ms. Cochise's job description (*Position Description - Policy Analyst, GS-343-13/14)* provides in pertinent part that:

> 6. <u>Personal Contacts</u>
>
> Contacts are with key personnel in the Department of the Interior, the Commissioner's Office, regional and field offices, water users organizations, and **Indian tribes**. ROI, Vol. II, Ex. 5-1A, p. 3.
>
> <u>Emphasis added</u>.

19. Ms. Cochise's complaint that "The 'New Rule' "prevents me from doing my job, and that it restrains telephone communication and casual discussion with tribal leaders," is fully corroborated by her job description and the affidavit of Lynne Davis Dyer, who has since retired.

20. On March 28, 2000 when Plaintiff Cochise was serving as the acting director in Mr. Kenney absence, she was not given important office correspondence and the documents were placed in Mr. Kenney's locked office (to which only Mr. Kenney's Secretary had access), therefore, plaintiff was unable to respond to the congressional correspondence and she could not fulfill her duties as Acting Director.

21. On April 14, 2000, Mr. Kenney requested a meeting with and Plaintiff Cochise, and with another co-worker present as his witness, Mr. Kenney denied Plaintiff's request to have a witness or representative present.

22. On April 25, 2000, plaintiff was issued a directive by Mr. Kenney which suspended her open travel authorization. On April 28, 2000, the Plaintiff was issued a Letter of Reprimand.

23. On April 28, 2000, Mr. Kenney denied the approval for payment of Plaintiff's travel voucher.

24. On April 28, 2000 Mr. Kenney physically assaulted the Plaintiff when lunged toward Plaintiff Cochise, grabbed her hand, and forcefully removed the travel voucher she was holding.

25. Mr. Kenney consistently fails to allow Plaintiff Cochise frames for completion of assignments; withholds information on work assignments that are time sensitive; and grants personal preferences and favoritism of work assignments and other responsibilities to similarly-situated employees not in Plaintiff's protected class.

26. Plaintiff Cochise alleges that she was subjected to race discrimination and acts of retaliation when she was subjected to a hostile work environment from March 15, 2001 to April 24, 2001. Specifically, Ms. Cochise alleges that during a meeting with Mr. Kenney, he told her that he was conducting an "administrative investigation" into her misconduct for failure to follow his instructions and that if she gave any false answers to his questions that she could be subjected to criminal prosecution. Later, Mr. Kenney proposed a three-day (3) suspension without pay for her alleged misconduct for failure to follow his instructions, but the suspension was not upheld by his superior officer.

27. Ms. Cochise was subjected to the unlawful threat of criminal prosecution, although Mr. Kenney was only authorized to conduct an "administrative" investigation.

By subjecting Ms. Cochise to this unlawful conduct, Mr. Kenney violated Plaintiff's terms and conditions of employment.

27(b).  Plaintiff Cochise was subjected to a hostile work environment from May 2, 2002 through July 31, 2003, when an agency official removed a framed certificate of appreciation that the plaintiff received from the Commissioner of the agency.

**WHEREFORE**:  Plaintiff Cochise demands judgment of defendant for Count I in the amount of $300,000.00 in compensatory damages (including but not limited to, front pay, back pay, overtime, pain and suffering, emotional distress, and other benefits); and punitive damages, together with attorneys' fees, costs and such other relief as the Court deems just and proper.

## COUNT II

### (RETALIATION)

28.     Plaintiff repeats, reasserts, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 27 above as though they were fully and completely set forth herein.

29.     Plaintiff Cochise alleges that on the basis of her race (Native American) and in reprisal for her participation in the EEO counseling process when:  From August 25-29, 1997 until calendar year 2004, actions taken by her supervisor, Chris Kenney, *i.e.*, when on December 10, 1999, a letter of counseling was issued to Ms. Cochise, and actions taken by a co-worker, Barbara White, have created a hostile work environment.

The discriminatory actions of the Agency establish a pattern of continuing violations based upon a hostile work environment created by Mr. Kenney and his "special" friend, Ms. Barbara White.  These continuing violations range from letters of

counseling and reprimand to the refusal to provide work assignments and information, although Mr. Kenney maintained that the work assignments were necessary for the Plaintiff to advance to the GS-14 grade.

30. Plaintiff Cochise alleges discrimination on the basis of race (Native American) and reprisal for her prior participation in the EEO complaint process (prior complaint Docket Number WBR-00-005). Mr. Kenney and Ms. Barbara White have created a hostile work environment. Because of the situation between Complainant and her supervisor Chris Kenney, she has not been promoted to Policy Analyst, GS-301-14.

31 On March 6, 2000, the Plaintiff was assigned by Mr. Kenney to write a "white paper" on the database and upon completion of the assignment by Plaintiff Cochise, Mr. Kenney provided criticism in an unprofessional manner to other staff members about the completed assignment.

32. On March 9, 2000, Plaintiff Cochise was issued a directive by Mr. Kenney instructing her not to meet with any Indian tribes unless first approved by Mr. Kenney .

33. Mr. Kenney ("ADO") treated Ms. Cochise in a disparate manner, and he has retaliated against her because he did not apply the "New Rule" (Directive) to other similarly-situated employees within the office. Ms. Cochise was not responsible for setting the meeting with the Pueblo representatives.

34. The "New Rule" directive applied only to Ms. Cochise because Ms. Lynne Davis Dyer, Program Analyst, GS-11, stated in her affidavit that *"I am aware of the directive being issued to Ms. Cochise because she told me about it. No one else has had a similar directive issued to him or her, and I know of no policy on employees meeting with Indian tribes. The reason Ms. Cochise gave me concerning Mr. Kenney's*

*directive to her was that he felt that because she was Native American, he believed her friendship with the tribes would provide entrée to tribal governing members, and he wanted to take advantage of it.  She believed this was wrong, and that these friendships were personal and not work-related."*

*"Two members of our office, Darrell Ewing and John Peterson are located in Denver, CO, and their jobs are equivalent to Ms. Cochise's job.  They met with Indian tribes and this level of scrutiny was not applied to them.  The restrictions were applied to Ms. Cochise because of Mr. Kenney's animosity toward her."*

35.     Ms. Cochise's job description (*Position Description - Policy Analyst, GS-343-13/14*) provides in pertinent part that:

> 6.     Personal Contacts
>
> Contacts are with key personnel in the Department of the Interior, the Commissioner's Office, regional and field offices, water users organizations, and **Indian tribes**.  ROI, Vol. II, Ex. 5-1A, p. 3.
>
> Emphasis added.

36.     Therefore, Ms. Cochise's complaint that "The 'New Rule' "prevents me from doing my job, and that it restrains telephone communication and casual discussion with tribal leaders," is fully corroborated by her job description and the affidavit of Lynne Davis Dyer, who has since retired.

37.     On March 28, 2000 when Plaintiff Cochise was acting as the acting director in Mr. Kenney absence, she was not given important office correspondence.  The documents were placed in Mr. Kenney's locked office (to which only Mr. Kenney's secretary had access), therefore, plaintiff was unable to respond to the time sensitive correspondence, and she could not fulfill her duties as Acting Director.

38. On April 14, 2000, Mr. Kenney requested a meeting with the Plaintiff Cochise, and with another co-worker present, who served as his witness, however, Mr. Kenney denied Plaintiff's request to have a witness or representative present during the meeting.

39. On April 25, 2000, plaintiff was issued a directive by Mr. Kenney that suspended Complainant's open travel authorization.

40. On April 28, 2000, the Plaintiff was issued a Letter of Reprimand in retaliation for her previous EEO activity.

41. On April 28, 2000, Mr. Kenney denied approval for payment of Plaintiff's travel voucher.

42. On April 28, 2000, Mr. Kenney physically assaulted the Plaintiff when he lunged toward Plaintiff Cochise, grabbed her hand, and forcefully removed the travel voucher she was holding.

43. Mr. Kenney consistently fails to allow Plaintiff Cochise frames for completion of assignments; withholds information on work assignments that are time sensitive; and grants personal preferences and favoritism of work assignments and other responsibilities to similarly-situated employees not in Complainant's protected class.

44. Plaintiff Cochise alleges that she was subjected to race discrimination and acts of retaliation when she was subjected to a hostile work environment from March 15, 2001 to April 24, 2001. Specifically, Ms. Cochise alleges that during a meeting with Mr. Kenney, he told her that he was conducting an "administrative investigation" into her misconduct for failure to follow his instructions and that if she gave any false answers to his questions that she could be subjected to criminal prosecution. Later, Mr. Kenney

proposed a three-day (3) suspension without pay for her alleged misconduct for failure to follow his instructions, but the suspension was not upheld by his superior officer.

45.     Because of the agency's retaliation, Plaintiff Cochise was subjected to the unlawful threat of criminal prosecution, although Mr. Kenney was only authorized to conduct an "administrative" investigation.  By subjecting Ms. Cochise to this unlawful conduct, Mr. Kenney violated the Complainant's constitutional rights, and in turn, the agency violated the Plaintiff's terms and conditions of employment.

46.     Plaintiff Cochise was subjected to a hostile work environment from May 2, 2002 through July 31, 2003, when an agency employee removed a framed certificate of appreciation that the plaintiff received from the Commissioner of the agency.

**WHEREFORE**:  Plaintiff Cochise demands judgment of defendant for Count I in the amount of $300,000.00 in compensatory damages (including but not limited to, front pay, back pay, overtime, pain and suffering, emotional distress, and other benefits); punitive damages, together with attorneys' fees, costs and such other relief as the Court deems just and proper.

## COUNT III

### DISPARATE TREATMENT BASED UPON RACE (NATIVE AMERICAN)

47.     Plaintiff repeats, reasserts, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 45 above as though they were fully and completely set forth herein.

48.     Mr. Kenney treated the Plaintiff in a disparate manner when he issued a March 9, 2000 directive to the Plaintiff instructing her not to meet with any Indian Tribes

unless approved by him. The directive was not issued to similarly situated employees or any other office employees.

**WHEREFORE**: Plaintiff Cochise demands judgment of defendant for Count I in the amount of $300,000.00 in compensatory damages (including but not limited to, front pay, back pay, overtime, pain and suffering, emotional distress, and other benefits); punitive damages, together with attorneys' fees, costs and such other relief as the Court deems just and proper.

**Jury Trial Demand**

Respectfully submitted,

By: _____
FRAZER WALTON, JR. #374301
920 Burns Street, SE
Washington, D.C. 20019
(202) 584-7572


_____
MARK LANE
102 B Sunset Avenue
Charlottesville, Virginia 22093
(434) 293-2349

Attorneys for Plaintiff Cochise

May 26, 2006