UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENE COCHISE, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 06-CV-00980 (RJL)<br>) |
| DIRK KEMPTHORNE, DEPARTMENT<br>OF THE INTERIOR, | )<br>)<br>) |
| Defendant. | )<br>) |

## ANSWER TO COMPLAINT

Pursuant to Fed. R. Civ. P. 12(a)(3), Defendant Dirk Kempthorne, Secretary of the Department of the Interior, hereby answers the complaint in this case.

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

### THIRD DEFENSE

Answering the numbered and unnumbered paragraphs of the complaint, defendant states as follows:

### I. JURISDICTION

1. This paragraph consists of plaintiff's statements of jurisdiction and venue. As these averments are conclusion of law, no response is required. To the extent that a response is required, denied.

2. This paragraph is a conclusion of law to which no response is required, but to the

extent that one is required, the statement is denied.

2a. The first sentence is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied. Defendant denies the second sentence and admits the third sentence. The fourth sentence is a statement indicating the EEOC civil action notice is attached. Defendant states that the document itself is the best evidence of its contents.

2b. Admit the first sentence but deny the second sentence.

## II. PARTIES

3. Defendant lacks sufficient information to admit or deny the first sentence and admits the second sentence.

4. Deny. Dirk Kempthorne is the Secretary of the Interior.

## III.    FACTUAL BACKGROUND

5. Admit.

6. Admit.

7. Admit, but deny the alleged hostile work environment.

8. Admit the first and second sentences. Deny the third sentence, and deny the alleged discrimination and hostile work environment.

9. First sentence: Admit that the third complaint (WBR-01-021) alleged that Ms. Cochise was subjected to discrimination based upon race (American Indian) and reprisal when she was subjected to a hostile work environment on March 15, 2001, but deny the remainder and deny the alleged discrimination and hostile work environment  Admit the second and third sentences. Fourth sentence: Admit that Mr. Kenney's supervisor did not issue Ms. Cochise a three-day suspension and Ms. Cochise was not suspended, but deny the remainder.

COUNT I

RACE (NATIVE AMERICAN) DISCRIMINATION

10. Defendant repeats, reasserts, re-alleges and incorporates by reference its responses contained in paragraphs 1 through 9 above as though they were fully and completely set forth herein.

11. Paragraph 11 is plaintiff's statement of her claim of race discrimination and reprisal to which no response is necessary. To the extent that a response is deemed required, deny.

12. Deny.

13. First sentence of paragraph 13 is plaintiff's statement of her claim of race discrimination and reprisal to which no response is necessary. To the extent that a response is deemed required, deny. Second and third sentences: Deny.

14. Admit that Mr. Kenney assigned plaintiff to write a "white paper" and upon completion of the assignment Mr. Kenney provided comments, but deny the remainder of the paragraph.

15. Admit.

16. Deny.

17. Deny. Defendant further states that Ms. Dyer's affidavit is the best evidence of its content.

18. Admit. Defendant further states that Ms. Cochise's position description is the best evidence of its content.

19. Deny.

20. Deny.

21. Admit only that Mr. Kenney requested a meeting with plaintiff and another co-worker was present as a witness, and that Mr. Kenney denied plaintiff's request to have Mr. Larry Todd, Director of Operations, serve as a witness. The remainder of the paragraph is denied.

22. Admit the first sentence. Admit that plaintiff was issued a letter of reprimand but deny the remainder of the paragraph.

23. Admit.

24. Deny.

25. Deny.

26. Paragraph 26 is plaintiff's statement of her allegations of race and retaliation and hostile work environment from March 15, 2001, to April 24, 2001, to which no response is necessary. To the extent that an answer is deemed required, Deny.

27. Deny.

27 b. Deny.

WHEREFORE Clause: This clause consists of plaintiff's prayer for relief to which no response is necessary, but to the extent one may be deemed required, deny that plaintiff is entitled to any relief whatsoever. Defendant further avers that punitive damages are not available against the United States government.

COUNT II

(RETALIATION)

28. Defendant repeats, reasserts re-alleges and incorporates by reference its responses contained in paragraphs 1 through 27b above as though they were fully and completely set forth

herein.

29. Paragraph 29 is plaintiff's statement of her allegations of race and retaliation and hostile work environment from August 1997 until calendar year 2004, to which no response is necessary. To the extent that an answer is deemed required, Deny.

30. First sentence: This is plaintiff's statement of her allegations of race discrimination and retaliation in complaint Docket Number WBR-00-005, to which no response is necessary. To the extent that a response is deemed required, Deny. Second and third sentence: Deny.

31. Admit that Mr. Kenney assigned plaintiff to write a "white paper" and upon completion of the assignment Mr. Kenney provided comments, but deny the remainder of the paragraph.

32. Admit.

33. Deny.

34. Deny. Defendant further states that Ms. Dyer's affidavit is the best evidence of its contents.

35. Admit. Defendant further states that Ms. Cochise's position description is the best evidence of its contents.

36. Deny.

37. Deny.

38. Admit that Mr. Kenney requested a meeting with plaintiff and another co-worker was present as a witness and that Mr. Kenney denied plaintiff's request to have Mr. Larry Todd, Director of Operations, serve as a witness and deny the remainder the paragraph.

39. Admit.

40. Admit that plaintiff was issued a letter of reprimand but deny the remainder.

41. Admit.

42. Deny.

43. Deny.

44. Paragraph 44 is plaintiff's allegations of her race discrimination and reprisal claims from March 15, 2001, to April 24, 2001, to which no response is necessary. To the extent that a response is deemed required, Deny.

45. Deny.

46. Deny.

WHEREFORE Clause: The remainder of this section consists of plaintiff's prayer for relief to which no response is necessary, but to the extent one may be deemed required, deny that plaintiff is entitled to any relief whatsoever. Defendant further avers that punitive damages are not available against the United States government.

## COUNT III

(DISPARATE TREATMENT BASED UPON RACE (NATIVE AMERICAN))

47. Defendant repeats, reasserts re-alleges and incorporates by reference its responses contained in paragraphs 1 through 46 above as though they were fully and completely set forth herein.

48. Deny.

WHEREFORE CLAUSE: The remainder of this section consists of plaintiff's prayer for relief to which no response is necessary, but to the extent one may be deemed required, deny that plaintiff is entitled to any relief whatsoever. Defendant further avers that punitive damages are

not available against the United States government.

## Jury Trial Demand

This paragraph consists of plaintiff's demand for a jury trial to which no response is necessary, but to the extent one may be deemed required, deny.

In addition, defendant denies each and every allegation of the complaint that is not specifically admitted herein.

Having fully answered, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted such other relief as the Court deems appropriate.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN , D.C. Bar # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

Of Counsel
PATRICIA ARMSTRONG HARGRAVE, Esq.
U.S. Department of the Interior

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of September 2006, a copy of the foregoing

Answer to the Complaint was sent first class mail, postage prepaid to:

Frazer Walton, Jr., Esq.
920 Burns Street, SE
Washington, DC 20019

                                                  _____/s/_____
                                                  Claire M. Whitaker
                                                  Assistant United States Attorney
                                                  Judiciary Center Building
                                                  555 Fourth Street, N.W.
                                                  Room 10-441
                                                  Washington, D.C. 20001