UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Renee Cochise,** )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>)<br>**Dirk Kempthone, Department** )<br>**Of The Interior,** )<br>)<br>    **Defendant.** )<br>) | Civil A. No. 06cv980 (RJL) |

**Local Rule 16.3 Report to the Court**

Pursuant to Local Rule 16.3, and to the Order of this Court dated May 30, 2006, plaintiff Renee Cochise ("plaintiff"), and defendant Dirk Kempthone, ("defendant"), by their respective counsel, respectfully submit the following report to the Court in connection with this action. Further, in accordance with that Order, plaintiff has furnished the Court with this report at the following email address:

    1.    **DISPOSITIVE MOTIONS**: Plaintiff believes that claims relating to discrimination, retaliation and disparate treatment may not be disposed of upon summary judgment. Plaintiff is of the opinion that her claims will survive a dispositive motion and or summary judgment. Defendant believes that it may be resolved by a dispositive motion. The parties agree that discovery should be undertaken prior to the Court's consideration of dispositive motions.

    2.    **JOINDER AND AMENDMENT**: No time for the joinder of additional

1

necessary parties is contemplated by the parties.  The parties contemplate that any amendments to the pleadings should be made no later than October 10, 2006.  The parties agree that certain factual and/or legal issues may be narrowed or agreed upon.

3. **ASSIGNMENT TO MAGISTRATE**:  The parties agree that this case should not be assigned to a magistrate at this time.

4. **POSSIBILITY OF SETTLEMENT**:  The parties believe that there is no realistic possibility for settlement at this time.

5. **ADR PROCEDURES**:  The parties agree that the case could benefit from alternative resolution procedures, but not at this time.

6. **SUMMARY JUDGMENT**: Defendant believes, and plaintiff does not, that the case may be resolved by summary judgment or motion to dismiss; the parties propose that the dates for filing dispositive motions be 45 days from the close of discovery; the filing of cross motions, oppositions and replies in accordance with the local rules and rules of Court.

7. **STIPULATIONS REGARDING F. R. Civ. P. 26(a)(1) DISCLOSURES**: The parties do not intend to stipulate to dispense with the initial disclosures required by F.R.Civ.P. Rule 26(a)(1), but would prefer to have the deadline for initial disclosures to be October 31, 2006.  The parties do not expect to request that any other changes relating to form or scope of disclosures be made.

8. **ANTICIPATED EXTENT OF DISCOVERY**:  The extent of discovery is anticipated to include (25) interrogatories, requests for admissions, requests for productions of documents) and (5) depositions.  It is anticipated that the discovery period required by the parties shall end March 27, 2007.  The parties do not currently contemplate any limits on discovery. The parties expect that the date for the completion

of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions to be March 27, 2007, except to the extend that a privacy act consent is required.

9. **EXPERT WITNESS REPORTS**: The parties propose that the expert reports pursuant to F. R. Civ. P. 26(a) 2 shall be filed by February 23, 2007, and defendant's report shall be due 30 days thereafter. Depositions of experts are contemplated to be undertaken by the parties during the normal course of the discovery period.

10. **CLASS ACTIONS**: Not applicable.

11. **BIFURCATION**: The parties do not believe that the trial and/or discovery should be bifurcated or managed in phases.

12. **PRETRIAL CONFERENCE**: The parties propose that the date for the Pretrial conference should take place within thirty days after the Court issues its decision(s) on any pending dispositive motions.

13. **TRIAL DATE**: The parties believe that the Court should set a firm trial date at the first scheduling conference.

14. **OTHER ISSUES FOR SCHEDULING ORDER**: The parties do not believe that there are other issues that are appropriate for inclusion in a scheduling order.

**PLAINTIFF'S STATEMENT OF FACTS AND CASE STATUTORY BASIS**

Plaintiff Rene Cochise is a Native American, who was employed with the U.S. Department of Interior from 1997 until 2004. During her employment tenure with the Interior Department, plaintiff filed several discrimination complaints wherein she alleged that she was subjected to race discrimination and reprisal because her co-worker's relationship with the supervisor created a hostile work environment.

Plaintiff alleges, among other things, that (1) she received letters of counseling and reprimands from her supervisor; (2) that the supervisor failed to provide work assignments and information that were necessary for her advancement to the GS-14 grade; (3) that she was issued a directive by the supervisor instructing her not to meet with any Indian tribes unless first approved by him, and he did not apply the directive to other similarly situated employees; (4) that she was not given access to important and time sensitive office correspondence, and she could not fulfill her duties as acting director; (5) that she was physically assaulted by her supervisor; (6) that her supervisor suspended her open travel authorization; and (7) that she warned that her supervisor was conducting an administrative investigation into her "misconduct" and that she could be subjected to criminal prosecution.

Plaintiff maintained that she was treated in a disparate manner because of her race and in retaliation for having filed previous complaints of discrimination. Plaintiff maintains that an inaccurate and cursory administrative decision was issued in the case. The statutory basis for her claims is Title VII of the Civil Rights Act of 1964.

**DEFENDANT'S STATEMENT OF DEFENSES**

Plaintiff cannot establish a prima facie case of race discrimination, retaliation, or hostile work environment discrimination. She is unable to show that the alleged incidents complained of were based on discrimination, in reprisal for EEO activity, or severe and pervasive as to create a hostile work environment based on her race and prior EEO activities. Her hostile work environment claims related to nothing more than work place mistakes and work-related disagreements. However, even if plaintiff were able to establish a case of discrimination, retaliation or hostile work environment discrimination,

4

which defendant avers she cannot, defendant has articulated legitimate nondiscriminatory reasons for the actions taken. As the Administrative Judge observed, the evidence shows that plaintiff was a:

> . . . disruptive and an insubordinate employee who generally acted as if she knew better than anyone else on how her job should have been done.

Decision of AJ Richard Schneider, dated 3/23/04, page 5.

> Indeed, in the opinion of some of her co-workers, it was complainant who caused a hostile work environment.

Id.

Respectfully submitted,

(s)_____
Frazer Walton, Jr., Esq.
Bar Number 374301
920 Burns Avenue, SE
Washington, DC 20019
(202) 584-7572

(s)_____
Mark Lane, Esq.
102 B Sunset Avenue
Charlottesville, Va. 22093
(434) 293-2349

Attorneys for Plaintiff Cochise

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 374301
United States Attorney

5

                    /s/
RUDOLPH CONTREARAS, D.C. Bar # 434122
Assistant United States Attorney


                    /s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Rene Cochise,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil A. No. 06-980** |
| ) | |
| ) | **(RJL)** |
| **Dirk Kempthone, Department** ) | |
| **Of The Interior,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## PROPOSED SCHEDULING ORDER

Upon consideration of the Report to the Court submitted by the parties hereto, an initial scheduling conference held on_____, and the entire record herein, it is hereby:

**ORDERED**; that

    1. Joinder of parties (No time is contemplated for additional parties).

    2. Amendments to the pleadings shall be filed no later October 10, 2006;

    3. Discovery in this matter shall commence immediately and close on March 27, 2007.

    4. The date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions shall be March 27, 2007;

    5. Dispositive motions shall be filed within 45 days from the close of discovery; cross motions, oppositions and replies should be filed in accordance with the local rules and rules of Court.

    6. Exchange of expert witness reports pursuant to F.R.Civ. P. 26(a)(1) shall be made by February 23, 2007;

7.  The date for the pretrial conference will take place within thirty days after the Court issues its decision(s) on any pending dispositive motions.


Dated: _____, 2006

                                                                         _____
                                                                         Richard J. Leon
                                                                         U.S. District Court Judge


**Copies To Counsel by ECF System**