UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| **RENEE COCHISE**      )<br>                              )<br>     **Plaintiff,**     )<br>                              )<br>**v.**                        )<br>                              )<br>                              )<br>**DIRK KEMPTHONE,**   )<br>**Department Of The Interior** )<br>                              )<br>     **Defendant.**    )<br>                              ) | Civil A. No. 1: 06-CV-00980<br>(RJL) |

**PLAINTIFF COCHISE'S REQUEST FOR ADMISSIONS**

Plaintiff requests that the defendant admit for the purposes of this civil action only and subject to all pertinent objections as to the best of their ability, the truth of the following matters pursuant to Rule 36, F.R.Civ.P.

**Request # 1.**

1.  Please admit that at all pertinent times herein, the defendant was subject to the merit promotion provisions of 5 U.S.C. Chapter 33, 5 C.F.R. § 335, and the U.S. Department of Interior's Departmental Manual, Chapter 335: Promotion and Internal Placement.

**Request # 2**

2. Please admit that plaintiff was hired as a Policy Analyst, GS-301-13, with the potential for promotion to a GS-14 career ladder position within one year.

**Request # 3**

3. Please admit that plaintiff was the team leader and chaired the Office of Reclamation Indian O & M Working Group.

**Request # 4**

4. Please admit that plaintiff received a "Star Award" with monetary recognition for her work related to the drafting and finalizing of a report to the Commissioner of Reclamation regarding a national Indian drought survey.

**Request # 5**

5. Please admit that plaintiff received two "Performance Plan and Results Reports" with an overall summary rating of "Achieved" and she received an overall rating of "Achieved" on all performance plan critical results. Plaintiff received a rating of "All" in the areas of (a) qualify (b) teamwork and (c) customer service.

**Request # 6**

6. Please admit that plaintiff received a 1998 "On-the-Spot Award" [5 U.S.C. § 4503] in the net amount of $500.00 for her work as the Team Leader in developing the Director, Native American Affairs Group, presentation to the Assistant Secretary – Water and Science on 'Drinking Water Issues on Indian Reservations.'"

**Request # 7**

7. Please admit that plaintiff received a 2000 "Star Award" in the amount of $500.00 for her work as a member of the National Drought Policy Commission. The

Commissioner agreed to provide staff support to provide the Commission information on the impacts of drought on Indian Tribes.

**Request # 8**

8.    Please admit that plaintiff received a 2003 "Individual Cash Award" in recognition of her work on security issues during the requisite rating period.

**Request # 9**

9.    Please admit that plaintiff received a commendation from the "Jicarilla Apache Nation," and a "Resolution of the Legislative Council" in recognition of Ms. Cochise's "excellent job assisting and facilitating Government-to-Government relations between the Bureau of Reclamation and the Jicarilla Apache Nation. . . . ."

**Request # 10**

10.    Please admit that Mr. Kenny admitted in an earlier hearing testimony that "My observation of Ms. Cochise is that one of her strongest skills is she's very organized and very meticulous in making sure that other people know information, and that she gets other information from other people." Mr. Kenny defined these skills as good coordination. H.T., dated 03/14/04, p. 1047:20.

**Request # 11**

11.    Please admit that Mr. Kenny asserted that Ms. Cochise was having a problem with sensitivity. Mr. Kenny stated that "if her sensitivity equaled her coordination – that she would be on the right track for the 14." However, when Mr. Kenny was asked, "Is there anything within your office that you define in writing as to what sensitivity would be for an employee? Mr. Kenny answered "No." H.T., dated 03/14/04, p. 1047:1 and H.T., dated 03/14/04, p. 1048:12-19.

**Request # 12**

12.	Please admit that Mr. Kenny, without permission from Ms. Cochise and against her will, grabbed her wrist, bent back two of her fingers, and removed a voucher from her hand, and left the office.

**Request # 13**

13.	Please admit that Ms. Cochise was denied access to documents in the director's office when she served as Acting Director during Mr. Kenny's absence.

**Request # 14**

14.	Please admit that Mr. Kenny threatened Ms. Cochise with criminal prosecution if she failed to answer his questions during his administrative investigation.

**Request # 15**

15.	Please admit that Mr. Kenny required Ms. Cochise to obtain his permission before she contacted Indian Tribes.

**Request # 16**

16.	Please admit that Ms. Cochise's job description permitted her to contact Indian Tribes in the performance of her duties.

**Request # 17**

17.	Please admit that there was no written or oral policy against contacting Indian Tribes in the Native American Affairs Office from 1997 through May 2000.

                                                  _____/s/_____
FRAZER WALTON, JR.
Bar No. 374301
920 Burns Street, SE
Washington, D.C.  20019
(202) 584-7572


_____/s/_____
MARK LANE
2523 Brunswick Road
Charlottesville, Virginia 22903
(434) 293-2349


Attorneys for Plaintiff Rene Cochise

November 10, 2006


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing plaintiff's request for admissions was sent by electronic e-mail to Claire Whitaker, Esq., AUSA this 10th day of November, 2006.


By:_____
    Frazer Walton, Jr.