UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| RENE COCHISE ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1: 06-CV-00980 |
| ) | (RJL) |
| ) | |
| DIRK KEMPTHOME, ) | |
| Department of the Interior ) | |
| ) | |
| Defendant. ) | |
| ) | |

## AFFIDAVIT OF RENE COCHISE

I, Rene Cochise the undersigned affiant, hereby state that I am over the age of eighteen and I am competent and able to testify and make the following statements:

1. I was formerly employed as a Policy Analyst, GS-301-13, at the United States Department of Interior, Office of Native American Affairs, when I filed three formal EEO discrimination complaints against the U.S. Department of Interior. I am currently employed as a GS-14, Deputy Director of Native American Affairs with the U.S. Forest Service in the U.S. Department of Agriculture.

2. I stated in the three formal EEO discrimination complaints that my former supervisor, Chris Kenny was the discriminating official.

3. Chris Kenny and I participated in a EEO mediation session, and signed an EEO confidential settlement agreement in June, 1999.

4. I contacted an EEO counselor on November 30, 1999 and complained that Chris Kenny had violated the terms and conditions of the June, 1999 settlement agreement. I also contacted an EEO counselor on February 29, 2000, and April 25, 2000.

1

2

5. On December 10, 1999, I was issued a Letter of Counseling by Chris Kenny. The Letter of Counseling discussed the confidential settlement agreement that was signed in June, 1999.

6. At my deposition, the parties agreed that the June, 1999 settlement agreement was confidential.

7. On March 28, 2000, I was appointed Acting Director of the Office of Native American Affairs, but I was not given access to important and time sensitive documents that were locked in the Director's office.

8. After the [April 28, 2000] physical altercation with Chris Kenny, my office was relocated to the Office of Policy. I reported the incident to agency official, Margaret Sibley, and she relocated my work station to the Office of Policy. I previously contacted an EEO Counselor on February 28, 2000.

9. Chris Kenny conducted an alleged "administrative investigation" of my alleged misconduct, and during the investigation Mr. Kenny advised me that I could be subjected to criminal prosecution if I gave any false answers to his questions.

10. Defendant's retaliatory actions have created a hostile work environment and prevented me from receiving a career ladder promotion, while I was employed at the Department of Interior.

I hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Rene Cochise

DISTRICT OF COLUMBIA} ss

I hereby certify that the undersigned affiant, Rene Cochise personally appeared before me this 30th day of May, 2008, and signed this document entitled Affidavit of Rene Cochise.

_____
NOTARY PUBLIC

/SEAL/

My commission expires:   Peter A. MacHare
Notary Public, District of Columbia
My Commission Expires 1-14-2009

This is a three page document entitled Affidavit of Rene Cochise.

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **Rene Cochise,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Dirk Kempthone,** )<br>   **Department of the Interior,** )<br>)<br>**Defendant.** )<br>_____) | Civil A. No. 06-980 (RJL) |

## ORDER

In consideration of Plaintiff Rene Cochise's motion for partial summary judgment, and accompanying affidavit and exhibits, and the opposition thereto, if any, and it appearing that good cause exists to grant Plaintiff's motion, it is this _____ day of _____, 2008

ORDERED that Plaintiff's motion is granted in its entirety.


Dated: _____, 2008



                                                      _____
                                                      RICHARD J. LEON
                                                      United States District Court Judge


**COPIES TO COUNSEL BY ECF SYSTEM**

1