UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **Rene Cochise,** ) | |
| ) | |
|        **Plaintiff,** ) | |
| ) | |
| v. ) | Civil A. No. 06-980 (RJL) |
| ) | |
| **Dirk Kempthone, Department** ) | |
| **Of The Interior,** ) | |
| ) | |
|        **Defendant.** ) | |
| _____) | |

## DECLARATION OF RENE COCHISE

1. On November 14, 1997, A hostile work environment was caused by the inability of Mr. Kenney to be objective when it came to Ms. Barbara White. The fact that they had an inappropriate relationship affected Ms. Cochise and the other females in the Washington office. In reference to said training, Ms. White coordinated this training and perceived the questions raised by Ms. Cochise as disruptive and negative. Mr. Kenney routinely sided with Ms. White and due to the intimate relationship they had and he could not be objective. Mr. Kenney routinely sided with Ms. White.

2. On March 3, 1998, a hostile work environment was caused by the inability of Mr. Kenney to listen and be objective when the request was initiated by Dave Archambult, Tribal Council member and Vice Chairman of the Secretary's Tribal Task Force on Water Rights,. This request caused an adverse effect upon Ms. Cochise's working relationship with other staff members and Mr. Kenney, this was due to the fact that no one else on staff had the tribal relationship or network that Ms. Cochise maintained. The aforementioned invitation and request was not solicited or was it orchestrated by Ms, Cochise. The insecurity in Mr. Kenney manifested itself and what was a simple invitation and request to have Ms. Cochise be part of a meeting, became larger than life. A hostile work environment was created when Mr. Kenney chose then not to speak to Ms. Cochise, the silent treatment continued and the staff was affected by his behavior. Ms. Cochise was treated by the staff as thought she did not exist.

3. March 11, 1998, Ms. Cochise was invited to participate in a staff functions at a colleague home. All staff members were present for this after hour get together and celebration that carried on into the night. Reprisal was imposed on Ms. Cochise for refusal of the invitation for this after hour function. The following day, March 12, 1998, Mr. Kenney had a hangover and when Ms. Cochise showed up late, after a working

1

lunch, Mr. Kenney made it apparent that he was angry at her. Mr. Kenney behavior was rude and he displays anger from the rejection and refusal of Ms. Cochise to go out with the staff and celebrate. This rejection manifested itself in his treatment towards her and created a hostile work environment.

    4. On January 8, 1999, a hostile work environment was created by Mr. Kenney when he referred to the three Regional Directors as the "Three Amigos". By doing this Mr. Kenney caused confusion and chaos among the working group members. Mr. Kenney was pulled aside, by Ms. Cochise, and in private, advised not to publicly make inappropriate remarks. Mr. Kenney refusal to accept this advice and the fact that this was mentioned provoked Mr. Kenney. The actions of Ms. Cochise to state that said remark was distasteful, not amusing, created reprisal and ultimately lead to Mr. Kenney treating Ms. Cochise with bitterness and coldness. Ms. Cochise was treated differently than the other Policy Analyst in the office.

    5. On April 8, 1999, Ms. Cochise requested via EEO counselor to discuss the following issues; the first issue raised (1) hostile work environment; (2) confidentially; (3) inappropriate behavior on the part of Mr. Kenney and Ms. Barbara White; (4) inappropriate remarks concerning co-workers and other Reclamation staff; (5) Rotating the Acting Director position; (6) Mr. Kenney's failure to approve my career-ladder promotion to Policy Analysis GS 14.; and (7) reprisal.

    6. Mr. Kenney and Plaintiff met with a mediator on June 2 and 3, 1999, to attempt to address the issues. The issues that were raised were; (1) hostile work environment; (2) confidentially; (3) inappropriate behavior on the part of Mr. Kenney and Ms. Barbara White; (4) inappropriate remarks concerning co-workers and other Reclamation staff; (5) Rotating the Acting Director position; (6) Mr. Kenney's failure to approve my career-ladder promotion to Policy Analysis GS 14; and (7) reprisal.

Their was very little discussion on criteria used to potentially promote Ms. Cochise to GS-14, this was due to the fact that Mr. Kenney's was dealing with his anger, this anger was directed at Ms. Cochise for mentioning the intimidate and/or inappropriate relationship he had with Ms. Barbara White. All the other issues were discussed, but this issue was more difficult for Mr. Kenney to deal with.

    7. During the mediation Mr. Kenney was repeatedly asked by Ms. Cochise who specifically in the office was raising this issue. It became apparent that Ms. Barbara White was the individual who was having difficulty with Ms. Cochise. Once again due to the romantic and intimate relationship between Mr. Kenney and Ms. Barbara White, this had an effect on Ms. Cochise's capability to do her job. Ms. Cochise was never provided the opportunity of provide justification or for any of the complaints made by Ms. White. Ms. Cochise felt like she would never be provided the same opportunity that was given Ms. White, this was due to the intimate and inappropriate relationship that existed between Mr. Kenney and Ms. White.

8. I requested through Mr. Kenney that my detail be terminated. This was due to the unprofessional requested by Mr, Kenney for sensitive information. I felt Mr. Kenney placed Ms. Cochise in a situation, reminder her that she should be grateful for her position. The only recourse that Ms. Cochise had was to request that this detail be terminated. This way Ms. Cochise removed herself from this situation. Ms. Cochise made the request and it was granted by Mr. Kenney.

9. Although the Bureau's Drought Program was a challenging assignment, the declarant prevailed in the end. Ms. Cochise was acknowledged and received a cash award for the support provided to the National Drought Policy Commission and provided information on impacts of drought on Indian tribes. This information contributed to the efforts of the Commission in it deliberations for a report to Congress in FY 2000. Although Ms. Gonzales may have lack leadership skills, that was not the case in reference to Ms. Cochise.

10. In November of 1999, a hostile work environment was caused after Ms. Cochise brought to Mr. Kenney's attention, while Ms. Barbara White was going through her divorce, Mr. Kenney was liberal and showed favoritism in how he treated her. Ms, White was allowed to be out of the DC area so she would be away from her soon to be ex-husband. This favoritism and the unprofessional relationship that existed between Mr. Kenney and Ms. Barbara White had adverse effect on Ms. Cochise. This affected Ms. Cochise, specifically before and after being on travel. Ms. White routinely audited and questioned only Ms. Cochise travel. The record shows that Ms. Cochise travel voucher was fully justified, and the Defendant admits this fact.

In reference to said trip to Albuquerque, NM. Ms. Cochise did not request a bigger rental car. Upon arrival in Albuquerque NM, all compact cars were unavailable. I took what was available on the lot. Ms. White openly complained in front of other staff members, about me having a rental car on this trip. When Ms. White asked for justification, Ms. Cochise provided it. But due to the animosity Ms. White held for Ms. Cochise, she created an argument. This was typical of Ms. White, since she knew Mr. Kenney would side with her. This in itself created a hostile work environment because Mr. Kenney could not be objective in his management of Ms. Cochise.

11. Four events contributed to the issuance of the "Memorandum of Counseling"; the *first* was September 3, 1999, Ms. Cochise was not willing to support the nomination of Mr. Kenney for a Diversity award. The fact that Ms. Cochise openly was unwilling to support this nomination, a hostile work environment developed. *secondly*, soon after the diversity award incident, Ms. Cochise requested copies of her time and attendance, and was notified that many of her files were missing, specifically pay period 8 – 20. Ms. White was Acting Director during this time frame. Furthermore, Mrs. Madalena, office secretary, withheld important information about earned credit hours; and *third,* November 24, 1999, I was informed that Ms. White was questioning my use of a rental vehicle. I was confused by this, Ms. White never raised this issue to me, but was in fact was raising this issue with others staff members.

3

Ms. Cochise was confused, as stated when Ms. White was going through her divorce. Mr. Kenney granted her liberal travel. This liberal travel included the use of a rental vehicle.

The final, *fourth,* incident was On December 6, 1999, Ms. Cochise prepared and issued Mr. Kenney a letter…I feel you are once again in violation of the signed EEO agreement. The EEO agreement has been damaged and violated. I have contacted an EEO counselor on November 30, 1999, and will pursue to have the original EEO case reopened.

This was hand delivered to Mr. Kenney and his immediate supervisor. Thereafter Ms. Cochise was issued the aforementioned "Memorandum of Counseling." Mr. Kenney's issuance of the Memorandum was reprisal for Ms. Cochise's contacting and moving forward with an EEO complaint against him and Ms. Barbara White.

12. On March 6, 2000, a hostile work environment was caused by Mr. Kenney, when he questioning who wrote said paper and then made the statement "this paper is fluff". Mr. Kenney does not treat other similarly situated members within our office in this manner. Mr. Kenney's actions were unprofessional and further breached the agreement he made with Ms. Cochise. This was done by Mr. Kenney's repeated failure to openly communicate with Ms. Cochise on work products. Instead Mr. Kenney chooses to behave in an unprofessional manner; this further creates a hostile work environment.

13. The first meeting with the Jicarilla Apache Tribe, April 8, 1999 was by invitation. Mr. Kenney created a hostile work environment by accusing me of orchestrating this meeting. When I explain, I was invited to by the tribe, this seem to provoke him. This created a hostility in Mr. Kenney.

14. On March 21, 2000, a hostile work environment was caused by Ms. Barbara White and Mr. Kenney through the repeated failure of Mr. Kenney and Ms. White not to share information on work assignments that are time sensitive and through Mr. Kenney's granting of preferences and favoritism in assigning work and responsibilities to other similarly situated employees not in Ms. Cochise's protected class. This assignment was not handed to Ms. Cochise until Monday March 20, 2000, at 11:00 am. This assignment was due that morning. This assignment was originally given to Betty Johnson's, another staff member.

This hostile work environment manifested itself in Mr. Kenney's repeated selection of Ms. White to take over management responsibilities of the office during his absence. This was the case here. Mr. Kenney went on travel leaving Ms. White Acting Director. Ms. White is at the root of Ms. Cochise EEO complaint and she has used her relationship with Mr. Kenney to create and fan the hostile work environment in the office.

15. A hostile work environment was created by Ms. White and Mr. Kenney, this assignment was time sensitive and was originally worked on by Betty Johnson. Ms. Johnson would not provide me with her work product. In light of the fact that Ms.

4

Cochise had to start from scratch on an assignment that was due within the hour, Ms. Cochise requested and received an extension. Before she left for travel a working draft had been developed, and she wanted all comments back by noon Wednesday. Ms. Cochise received Ms. White's comments at 11:45a.m. Ms. White's comments were confusing, and Ms. Cochise came to the conclusion that due to Ms. White's limited knowledge of Indian water settlements, she would defer to Mr. Kenney. Ms. Cochise had a lengthy discussion with Mr. Kenney on this work product and finalized the report.

Ms. White was angry that Ms. Cochise finalized the report with Mr. Kenney. When the issue was raised, Mr. Kenney he sided with Ms. White. I believe a hostile work environment existed when Mr. Kenney refused to discuss any of the related aspects of this work assignment with me prior to issuing the assignment. Other similarly situated members of our staff are not treated this way. Contrary to what has been said, I did return to the office on Friday, March 24, 2000, specifically to complete said assignment.

16. On April 14, 2000, a hostile work environment was caused when Mr. Kenney requested and was denied permission for Betty Johnson presence during the aforementioned meeting. Ms. Cochise could not see how Betty Johnson could or would be a neutral witness. Especially since Ms. Johnson reported directly to Mr. Kenney. Mr. Kenney created a hostile work environment when I recommended Larry Todd, Acting Director, Operations be a "neutral witness".

17. On April 25, 2000, a hostile work environment was caused by Mr. Kenney by suspending Ms. Cochise open travel authorization and no one else. This incident occurred after my trip to Phoenix, AZ. The trip in question was Federal-tribal Water Resources Workshop, April 19-21, 2000. Although I would mention my trips at staff meetings and this information was clearly posted on the travel board located just outside Mr. Kenney's office. What Mr. Kenney was angry about was my relocating to another hotel. I chose not to stay in the same hotel as Mr. Kenney; I did not feel safe being alone near him. So I transferred to another hotel closed to the conference. This relocation made Mr. Kenney angry. The fact that I relocated to another hotel, for security reasons, created a hostile work environment. Mr. Kenney cannot be objective when dealing with issues that surround Ms. Cochise. Mr. Kenney does not treat other similarly situated staff members this way.

18. The April 28, 2000, "Letter of Reprimand" is directly related to Ms. Cochise prior EEO activity and is reprisal. The most recent EEO activity include; March 6, 22, 28, 30, and April 14, 25, 28, 2000.

19. On April 28, 2000, a hostile work environment was created by Mr. Kenney when he denied Ms. Cochise travel voucher for reimbursement for the trip to Phoenix, AZ. Mr. Kenney cited that because Ms. Cochise had changed hotels she would have to pay the difference out of pocket. Mr. Kenney never once asked why the mix up and please check on this, but chose to accuse Ms. Cochise of being irresponsible for not staying at a hotel

5

that offered government rates. Rather than communicate with Ms. Cochise, Mr. Kenney chose to threaten her.

The lack of discussion and the lack of courtesy to justify the increase created a hostile work environment. Once it was realized it was an error made by the hotel, a computer error. Mr. Kenney almost seemed disappointed and was clearly upset. This type of unprofessional behavior would not have been afforded to others on staff.

20. Mr. Kenney created a hostile work environment when he stormed into Ms. Cochise office, slamming the door behind him. This was done so no one would see what he would do. Mr. Kenney asked for the travel voucher, when Ms. Cochise said "yes", let me make a copy. Mr. Kenney lunged towards Ms. Cochise backed up and was pinned her against her desk. Mr. Kenney then held her wrist and twisted her fingers until she released the voucher. Ms. Cochise was fearful for her safety and physical well being. Mr. Cochise left her office and retreated to a lower level bathroom where she cleaned herself up. Ms. Cochise had soiled herself.

    Ms. Cochise stated to upper management that she was afraid of Mr. Kenney. Mr. Kenney is 230 lbs. and is 6'2, he is quite a bit larger than Ms. Cochise who is 5'0.

21. Plaintiff filed two formal EEO complaints in 2000, one on February 29, 2000, and a second one around July 6, 2000. In both complaints, Plaintiff alleged that a hostile work environment had been created and that she was being discriminated against because of her race and prior EEO activity. ROI Exh. No. 1-1, vol. 1, p. 1-6, attached hereto as Exhibit K.

22. On April 24, 2001, Mr. Kenney created a hostile work environment by continually violating Ms. Cochise right to a fair and impartial investigation and hearing. In reference to this incident, March 30, 2001, Mr. Kinney reiterated and confirmed he made the charges against me that he along would be "conducting the investigation". Proper "due process" include the investigation by a neutral party. Mr. Kenney repeated to Ms. Cochise the threats of "Criminal Prosecution," Ms. Cochise considers this harassment, abuse of his authority and improper conduct.

23. I never filed a complaint based upon national origin as stated in the Administrative Judge's Order..

24. The Administrative Judge refused to credit my testimony or the testimony of my witnesses. He also refused to credit the documentary evidence, and incorrectly concluded that I filed a complaint based upon national origin discrimination.

25. On June 15, 2004, Plaintiff appealed the AJ's decision in which she alleged that (1) she was discriminated against when the Defendant failed to promote her to the career ladder GS-14 Policy Analyst Position; (2) that the AJ erred when he ruled that Plaintiff

was not physically assaulted by her supervisor; and (3) when the AJ ruled that Plaintiff had not been retaliated against by the Defendant. The allegations included all of the claims made in Plaintiff's complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This Declaration is executed by the undersigned on July 17, 2008.

_____
Rene Cochise

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Rene Cochise, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil A. No. 06-980 (RJL) |
| ) | |
| Dirk Kempthone, Department ) | |
| Of The Interior, ) | |
| ) | |
| Defendant. ) | |

## ORDER

In consideration of Plaintiff Cochise's Opposition to Defendant's Motion for Summary Judgment, the accompanying exhibits and other documents, and it appearing that there exist genuine issues of material fact to be decided by the Court, and that the Defendant is not entitled to judgment as a matter of law. It is hereby,

ORDERED that the Defendant's motion for summary judgment is DENIED.

Dated: _____, 2008

_____
Richard J. Leon
U.S. District Court Judge

1

**Copies To Counsel by ECF System**

Case 1:06-cv-00980-RJL    Document 15-2    Filed 07/21/2008    Page 9 of 9

2

**Copies To Counsel by ECF System**