UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RENE COCHISE | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 06-CV-00980 (RJL) |
| | : | |
| DIRK KEMPTHORNE, Secretary, | : | |
| United States Department of the | : | |
| Interior, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Dirk Kempthorne, Secretary of the United States Department of the Interior ("DOI"), hereby responds to the Plaintiff's Motion for Partial Summary Judgment. As previously demonstrated in Defendant's Motion for Summary Judgment, the facts, even if interpreted in a light most favorable to Plaintiff, do not allow Plaintiff to survive summary judgment in this case. The facts certainly do not allow for Plaintiff to be awarded partial summary judgment. The Plaintiff's Motion for Partial Summary Judgment must be denied because the four incidents raised by Plaintiff in her Motion for Partial Summary Judgment as evidence of retaliation, cannot be considered materially adverse actions as required in a retaliation claim under the law of the courts of this Circuit. Consequently, this Court should deny Plaintiff's Motion for Partial Summary Judgment.

**LEGAL STANDARD OF REVIEW**

The standard for summary judgment under Fed.R.Civ.P. 56 is that summary judgment "'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Laurent v. Bureau of Rehabilitation, Inc., 2008 U.S. Dist. LEXIS 30100, *6 (D.D.C.), citing Fed. R. Civ. P. 56(c); Celotex Corp. V. Catrett, 477 U.S. 327, 322-24, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986).  "In deciding whether there is an issue of material fact, the Court must draw all justifiable inferences in favor of the non-moving party."  Laurent, LEXIS 30100 at *6, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  "Where the Court finds that facts material to the outcome of the case are at issue, a case may not disposed of by summary judgment. Laurent, LEXIS 30100 at *6, citing Anderson, at 248; also see MacMillan v. Powell, 526 F.Supp.2d 51, 54 (D.D.C. 2007).

**ARGUMENT**

I. **MS. COCHISE CANNOT ESTABLISH THAT DOI OFFICIALS RETALIATED AGAINST HER DUE TO HER PRIOR EEO ACTIVITY**

In her Motion for Partial Summary Judgment, Plaintiff asserts that four incidents independently and/or collectively give rise to a legitimate claim of retaliation.  A review of the law and the facts at issue clearly demonstrate that her claim is without legal merit.

It is a settled point of law that "[t]o make out a prima facie claim of retaliation, [Plaintiff] must establish that: 1) [s]he engaged in a statutorily protected activity; 2) the employer took an

adverse personnel action; and 3) a causal connection existed between the two." Burton v. Batista, 339 F. Supp 2d 97, 105 (D.D.C. 2004) (citing Brown v. Brody, 199 F.3d 446, 452 (D.C. Cir 1999)).

In determining whether a challenged action constitutes an adverse employment action, a court should focus on action that "well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Rochon v. Gonzales, 438 F.3d 1211, 1219 (D.C. Cir. 2006), citing Washington v. Ill. Dep't Revenue, 420 F.3d 658, 662 (7th Cir. 2005). "The anti-retaliation provision [in Title VII] protects an individual not from all retaliation, but from retaliation that produces an injury or harm...[A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse." Walker v. Johnson, 501 F.Supp.2d 156, 172 (D.D.C. 2007), citing Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67 (2006). "We speak of *material* adversity because we believe it is important to separate significant from trivial harms...An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." Id. (Emphasis in original). Given that Plaintiff cannot establish that a legally cognizable adverse personnel action was taken against her and that she cannot establish that a causal connection existed between the incidents she complains of and her prior EEO activity, her motion must be denied.

In short, the present case is an example of the petty slights and minor annoyances of which the Walker and Burlington courts were weary. In her Motion for Summary Judgment, Plaintiff takes what she believes is her best shot at Defendant. To support this shot, she points to four isolated instances over a period of time that she claims are evidence of retaliation against her. They are not. When looked at independently, or even in the aggregate, the four incidents are more akin to

squabbling siblings than to actionable retaliation under Title VII; they simply do not rise to the level of materiality necessary to sustain a viable claim of retaliation. Moreover, Plaintiff alleges no harm that resulted from either of the four incidents she claims were retaliatory.

      A.    <u>The letter of counseling does not constitute a materially adverse employment action.</u>

Plaintiff points to a letter of counseling that was written by her supervisor, Mr. Kenney, as evidence of material adverse action taken against her. Curiously, Plaintiff does not mention the substance of the letter.[1] Instead, Plaintiff's grievance regarding the letter of reprimand seems to lie more with its alleged disclosure of "confidential information" and less with its substance. This is especially odd, given that Plaintiff's claim that Mr. Kenney disclosed "confidential information" lacks factual support. The letter of reprimand was issued only to Plaintiff herself and, therefore, did not involve an improper disclosure.

Nonetheless, in the context of discrimination, courts of this Circuit have held on more than one occasion that issuing a letter of counseling, a letter of reprimand, or a less than stellar performance evaluation are not considered materially adverse under the law. <u>Baloch v. Norton</u>, 517 F. Supp 2d 345, 359-363 (D.D.C. 2007) <u>citing</u> <u>Brown v. Brody</u>, 199 F.3d 446, 458 (D.C. Cir. 1999). Employers are permitted to criticize an employee's performance or behavior in the workplace without its giving rise to a federal cause of action.

Defendant contends that the law does not require Mr. Kenney to ignore Plaintiff's inappropriate conduct with other employees at the end of May 1999, simply because the parties had

---

[1] The letter merely details additional instances in which other Native American Affairs employees had difficulties working with Plaintiff and asked that Plaintiff please help Mr. Kenney in turning a new leaf. The letter explicitly stated that it was not disciplinary in nature.

mediated a resolution to past misconduct approximately ten days prior. Id. Plaintiff cannot be permitted to use the resolution as a free ticket to disruptive behavior. Rather than talking to Plaintiff personally and risking another confrontation, Mr. Kenney wrote a letter with a pleasant tone. For Plaintiff now to cite the letter as evidence of retaliation is inappropriate and does not hold legal water.

Objectively, the letter should not have dissuaded Plaintiff from making another charge of discrimination. To the contrary; the letter's sympathetic tone and confidential nature should have showed Plaintiff that, if anything, her prior EEO grievance resulted in the positive development of having Mr. Kenney communicate with her nicely and in writing instead of potentially creating a face-to-face confrontation. Because the letter cannot reasonably have dissuaded Plaintiff from filing another charge of discrimination, Plaintiff's Motion for Summary Judgment must be denied.[2]

     B.     The inadvertent failure to provide Plaintiff with documents she was looking for on one occasion also cannot properly be characterized as a materially adverse action.

The incident involving the inadvertent failing to provide the Plaintiff with some documents she was looking for by Mr. Kenney's secretary also does not constitute a materially adverse action. Mr. Kenney's secretary simply made a mistake and indicated so in emails she sent to both Mr. Kenney and Plaintiff, in which she apologized. Because Mr. Kenney's secretary took responsibility

---

[2] The Burlington court adopted an objective standard for the reasonableness of a plaintiff's reaction to an employer's conduct. "We refer to reactions of a *reasonable* employee because we believe that the provision's standard for judging harm must be objective. An objective standard is judicially administrable. It avoids the uncertainties and unfair discrepancies that can plague a judicial effort to determine a plaintiff's unusual subjective feelings." Burlington, 548 U.S. at 68-69. (Emphasis in original).

for the mistake and apologized to her, Plaintiff suffered no harm a result. Defendant contends that the incident, which happens in just about every office every day, is precisely what the Burlington court was describing when it wrote of the "minor annoyances that often take place at work and that all employees experience." Burlington, 548 U.S. at 68. Defendant further asserts that the incident is simply not the type of action that "might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. at 68. As a result, Plaintiff cannot be successful in her attempt to characterize this incident as a material act of retaliation.

  C. Mr. Kenney's removing Plaintiff's hand from a document that he was holding does not constitute a materially adverse action.

Again, in continuing with her claims that sound like the "petty slights [and the] minor annoyances that often take place at work," Plaintiff uses a tug-of-war over a stapled document as evidence of retaliation against her. Plaintiff uses the words of Mr. Kenney against him, yet glosses over the key fact of this incident: Mr. Kenney was holding the document first, then Plaintiff tried to grab it from him! Plaintiff's Motion at 12. After Mr. Kenney attempted to retrieve a travel voucher from Plaintiff that he deemed to include unjustifiable charges, Plaintiff herself grabbed hold of the document and tried to take it from him. In other words, Mr. Kenney had the document first, Plaintiff tried to grab it from him, yet Plaintiff is the one complaining about the event as though she was somehow wronged because Mr. Kenney maintained possession of the document. Because struggling over a document is not an adverse employment action under the law, Plaintiff fails in her attempt to characterize it as an act of retaliation for prior EEO activity.

As a court from this Circuit explained in Baloch v. Norton, "[t]hese events relate a protracted saga of implacable conflicts of personality over banal employment matters – not retaliation for exercise of protected rights." Baloch, 517 F.Supp 2d at 361 (citing Higgins v. Gonzales, 481 F.3d 578, 591 (8th Cir. 2007) (explaining that "a plaintiff cannot maintain a retaliation claim based on 'bad manners, or petty slights and snubs' or even a 'serious personality conflict with [a] supervisor'")). The Baloch Court also suggested that a reasonable person in Plaintiff's position should recognize that it was her own disregard for office procedure and direct confrontations that she had with her supervisor and others that led to the struggle over the travel voucher. Baloch, 517 F.Supp 2d at 361 (indicating that a reasonable person in plaintiff's position would have been aware that what consistently precipitated his supervisor's angry outbursts was the plaintiff's failure to follow his manager's specific directions). Because this incident is not materially adverse, Plaintiff's retaliation claim must fail.

  D. Mr. Kenney's decision to provide Plaintiff with a standard warning prior to asking her questions during an internal investigation did not amount to a materially adverse action.

Mr. Kenney's attempt to warn Plaintiff about the potential consequences of making false statements during an official investigation is not an adverse employment action under the law. Plaintiff, as is her *modus operandi*, has taken a factual statement and changed it into something nefarious. It is neither nefarious nor evidence of retaliation. Plaintiff has failed to provide any evidence supporting that the statement – taken at face value – constitutes retaliatory conduct. In fact, her own exhibit evidences that the warning provided to her by Mr. Kenney is a standard warning used by DOI managers during an investigation into performance or disciplinary issues. See

Plaintiff's Motion, Exhibit 6, p.2 - 5: "Administrative Warning."  Warnings, and even some threats, are not in and of themselves adverse actions.  Baloch, 517 F.Supp 2d at 361-362 (citing Gilmore v. Potter, 2006 U.S. Dist. LEXIS 81991 (E.D. Ark. Nov. 7, 2006) and concluding that no adverse action existed "even though the defendant isolated the plaintiff in a small room, threatened her with being fired if she came out onto the workroom floor, told her that she was 'worthless,' and told her not to talk to coworkers"); Berger v. Iron Workers Reinforced Rodmen Local 201, 843 F.2d 1395, 1424 (D.C. Cir 1988) (finding that "threats against plaintiffs, though probative of animus, 'had no effect' and, thus were 'essentially harmless'").

Here, Plaintiff was merely provided with a standard warning before she was asked questions.  Under these circumstances, a court would be hard pressed to find that a materially adverse action was taken against her.  Id.

## CONCLUSION

Through her motion, Plaintiff would have this Court believe that her prior involvement in the EEO process rendered any and all subsequent criticism, warning, or consequence she received from Mr. Kenney or others in the office as an adverse employment action and evidence of retaliation.  However, courts have consistently held that an employee's protected status and/or involvement in the EEO process does not instantly grant them immunity from being managed and warned about their inappropriate behavior.  The instances relied on by Plaintiff in her brief fall far short of being recognized as legally cognizable materially adverse actions.  Having failed to establish that any materially cognizable adverse action was taken against her, Plaintiff's Motion for Partial Summary Judgment on her retaliation claims must be denied as a result.

Dated: July 21, 2008. Respectfully,

　　/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

　　/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

　　/s/
CHRISTIAN A. NATIELLO, D.C. Bar #473960
Assistant United States Attorney
555 4th St., N.W.
Room E4112
Washington, D.C. 20530
(202) 307-0338