## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENE COCHISE, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | :    Civil No. 06-CV-00980 (RJL) |
| | : |
| DIRK KEMPTHORNE, Secretary, | : |
| UNITED STATES DEPARTMENT OF | : |
| THE INTERIOR, | : |
| | : |
| Defendant. | : |

## DEFENDANT'S REPLY IN SUPPORT OF
## ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, Dirk Kempthorne, Secretary of the United States Department of the Interior, by and through undersigned counsel, hereby submits this Reply in support of his Motion for Summary Judgment. The Department of the Interior is entitled to summary judgment as a matter of law because: 1) Plaintiff cannot establish that officials at the Department of the Interior created a hostile work environment; 2) Plaintiff cannot prove a prima facie case for her retaliation claims, and, even if she could, she is unable to establish that the reasons that the Department of the Interior provided for its actions are pretextual; and 3) Plaintiff cannot establish a prima facie case for her disparate treatment claims, and, even if she could, she is unable to establish that the reasons the Department of the Interior provided for its actions are pretextual.

## ARGUMENT

**I.    PLAINTIFF CANNOT ESTABLISH THAT SHE WAS SUBJECTED TO A HOSTILE WORK ENVIRONMENT.**

Plaintiff's Opposition does little to advance the legal ball in this case. Instead, Plaintiff continues to pound on the facts of this case, which are largely undisputed. Plaintiff is upset that she failed to get promoted, she claims, but provides no specific reasons why she should have been promoted. To her, the simple fact that she was not promoted proves that she must have been discriminated against based on her race. Moreover, she continues to focus on a few minor occurrences that she claims made her work environment hostile. The occurrences, however, do not rise to a level that would allow Plaintiff to claim that she was subjected to a hostile work environment. As for her claim of discrimination based on her race, Plaintiff provides nary a scintilla of evidence that any actions taken by Defendant were based on her race.

    A.    Plaintiff's Hostile Work Environment Claim Must Fail Because The Actions Complained Of Fall Far Short Of What The Law Considers Hostile

To survive a defendant's motion for summary judgment, a plaintiff claiming hostile work environment must at least establish a prima facie case. To establish a prima facie hostile work environment claim, a plaintiff must demonstrate that he/she:

> (1) is a member of a protected class; (2) was subjected to unwelcome harassment; (3) the harassment occurred because of his/her race [or protected class status]; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment, but failed to take any action to prevent it.

Kelley v. Billington, 370 F. Supp. 2d 151, 156-57 (D.D.C. 2005). In making her claim, Plaintiff points to numerous incidents she characterizes as adverse employment actions and other events she

views as discriminatory. However, as was the case in Bryant v. Brownlee, 265 F.Supp. 2d 52, 62-63 (D.D.C. 2003) "[d]espite the sheer number of incidents of which [Plaintiff] complains, her claim of a discriminatory hostile work environment contains at least one glaring defect: none of the allegations give rise to an inference of discrimination by [the] defendant [Agency] based on race." Also see Faragher v. Boca Raton, 524 U.S. 775, 787-88, 118 S.Ct 2275 (1998); Oncole v. Sundowner Offshore Servs., Inc., 510 U.S.. 75, 81, 118 S.Ct. 998 (1998).

The courts of this Circuit have consistently held that, given the fact that every employee "can be characterized by sex, race, ethnicity, or (real or perceived) disability; and many bosses are harsh . . . and rude," plaintiffs must present evidence linking the incidents complained of to their protected status. Bryant v. Brownlee, 265 F.Supp.2d at 63 (quoting Richardson v. New York State Dep't of Corr. Serv., 180 F.3d 426, 440 (2nd Cir 1999 )); Silver v. Leavitt, 2006 U.S. Dist. LEXIS 12949 (D.D.C. 2006); Kelley, et al v. Billington, 370 F.Supp 2d 151, 156-157 (D.D.C. 2005). "Otherwise, the federal courts will become a court of personnel appeals." Alfano v. Costello, 294 F.3d 365, 377 (2nd Cir. 2002).

Plaintiff points to the actions of her supervisor, Mr. Kenney, and argues that because Mr. Kenney works well with Barbara White, he is discriminating against Plaintiff...based on Plaintiff's race. As evidence of Defendant's discriminatory conduct toward Plaintiff, Plaintiff points to Mr. Kenney's "frequently sitting beside [Ms. White] during meetings and after hours; and assisting Ms. White with her chair and coat during office hours." Plaintiff's Opposition at 3. To claim that Mr. Kenney's helping a coworker with her coat is discriminatory against Plaintiff because of Plaintiff's race is a stretch of logic this Court should not allow. Merely describing unpleasantness in the office,

3

a supervisor's dislike of an employee's personality, or a supervisor's having better relationships with a plaintiff's coworkers than with the plaintiff is simply not enough to survive a motion for summary judgment.  See Bryant v. Brownlee, 265 F.Supp. 2d at 64; Jones v. Billington, 12 F.Supp 2d 1, 12 (D.D.C. 1997) (hostile work environment claim failed where plaintiff had not demonstrated that any of the conduct of which he complains was related to his race, or that his workplace was permeated with racially discriminatory behavior).

Plaintiff also argues that her performance appraisals and incentive awards were "considerations" that Mr. Kenney ignored when deciding whether or not Plaintiff should be promoted.  Plaintiff's Opposition at 12.  In a quote of Mr. Kenney cited by Plaintiff, Plaintiff demonstrates that Mr. Kenney did not establish any written standards for career promotions.  But then Plaintiff takes Mr. Kenney's testimony a bit too far.  Plaintiff argues that because Mr. Kenney did not establish promotions standards, he necessarily did not take into account Plaintiff's performance appraisals and incentive awards when determining whether or not to promote her.  While leaps of logic are often taken (and are often successful), this leap tries to transgress a canyon (and does not make it).  The testimony Plaintiff cites fails to elicit the pertinent information – whether or not Mr. Kenney took Plaintiff's performance appraisals and incentive awards  into consideration.  Plaintiff cannot now claim that Mr. Kenney did not, in fact, do so.

> B. Plaintiff cannot establish that offensive conduct permeated her workplace with discriminatory intimidation, ridicule, and insult that was sufficiently severe as to alter <u>the conditions of her employment and create an abusive working environment</u>

Plaintiff's position is that a hostile work environment exists at the Department of the Interior because, she claims, four other employees say there is.  Plaintiff's argument is based on hearsay.

Moreover, she ignores the fact that the opinions of these four affiants, who are not attorneys, experts, or judges, is insufficient as to the ultimate legal issue in this case: whether or not there was a hostile working environment as to Plaintiff. Perhaps even more troublesome, one of the witnesses, Ms. Saint, expressly stated that she has "no direct knowledge that a hostile environment exists within the NAAO." Plaintiff's Opposition at Exhibit 11, p. 5.

Noticeably, Plaintiff ignores the law on the issue of a hostile work environment, which holds that the key to determining whether a work environment has become sufficiently "hostile" to justify a cause of action under Title VII is to look at how severe, pervasive, and abusive the actions complained of are because "not just any offensive or discriminatory conduct rises to an actionable hostile work environment." Burton v. Batista, 339 F. Supp. 2d 97, 106-107 (D.D.C. 2004) (granting defendant agency's motion for summary judgment). To determine whether a workplace is "hostile" under the law, a court should consider:

> (1) the frequency of the discriminatory conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or merely offensive; and (4) whether the conduct reasonably interferes with the employee's performance.

Id. at 107. Courts have explained that "[t]hese standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a 'general civility code.' Properly applied, [they] will filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." Id.; Stewart v. Evans, 275 F.3d 1126, 1134 (D.C. Cir. 2002) (explaining that even a few isolated incidents of offensive conduct do not amount to actionable harassment); Alfano v. Costello, 294 F.3d 365, 374 (2nd Cir. 2002).

5

Mr. Kenney's (and Ms. White's) treatment of Plaintiff, objectively, cannot be characterized as "severe," "pervasive" and "abusive" under the law. The instances Plaintiff specifically discusses in her complaint occurred over a seven-year period from 1997 to 2004. Plaintiff has not argued that issues related to race were regularly – or ever – raised or discussed by Mr. Kenney or other NAAO staff. Nor has she effectively demonstrated that the instances where Mr. Kenney or other NAOO staff members corrected or counseled her occurred "frequently."

It would also be extremely difficult to characterize Mr. Kenney and Ms. White's interactions with Plaintiff as "severe" or "abusive" under applicable legal standards. As indicated above, the incidents were race-neutral and were almost always directly connected to action or inaction on the part of Plaintiff. Plaintiff simply has not alleged that profanity or racial epithets were used or that she was publically humiliated. See Burton v. Batista, 339 F.Supp 2d at 111 (explaining that absent any facially discriminatory remarks, exposure to yelling from a supervisor is not an actionable adverse action because discrimination laws do not guarantee a stress-free work environment). "In this Circuit and others, hostile work environment claims have been dismissed for insufficiency of evidence even though, compared to what was adduced here, they involved [1] a similar or greater number of instances, [2] that were compressed in time, and [3] that were more severe and had more pronounced discriminatory overtones." Alfano v. Costello, 294 F.3d at 379-380 (citing over ten cases where conduct that would generally be considered offensive was not severe or abusive enough to justify finding that a hostile work environment existed); Stewart v. Evans, 275 F.3d 1126, 1133-1134 (D.C. Cir. 2002); Celestine v. Petrolos de Venezuella SA, 266 F.3d 343, 354 (5th Cir. 2001)

(finding that eight incidents of alleged racial harassment over a twenty-five month period was insufficient).

## II. PLAINTIFF CANNOT ESTABLISH THAT DOI OFFICIALS RETALIATED AGAINST HER DUE TO HER PRIOR EEO ACTIVITY

Plaintiff relies on the same set of facts in making her claim of retaliation as she did in her hostile work environment claim. "To make out a prima facie claim of retaliation, [Plaintiff] must establish that: (1) [s]he engaged in a statutorily protected activity; (2) the employer took an adverse personnel action; and (3) a casual connection existed between the two." Burton v. Batista, 339 F. Supp 2d 97, 105 (D.D.C. 2004) (citing Brown v. Brody, 199 F.3d 446, 452 (D.C. Cir 1999)). As Plaintiff notes in her Opposition, the retaliatory action must produce an injury or harm. Plaintiff's Opposition at 17. Plaintiff fails to prove any retaliatory actions, nevermind an injury or harm.

### B. Plaintiff cannot establish a causal connection between not being promoted to GS-14 and her prior EEO activity

While a supervisor's decision not to promote an employee may generally be considered an actionable adverse employment action, a plaintiff claiming retaliation must still establish that the fact that she was not promoted is causally connected to her prior EEO activity. Burton v. Batista, 339 F. Supp 2d at 110-111. Establishing that an employee was subjected to a legally recognized adverse action does not guarantee that her claim survives summary judgment. Brown v. Brody, 199 F.3d 446, 458 (D.C. Cir. 1999). In fact, if the plaintiff fails to establish a causal connection between the adverse action and the prior EEO activity or fails to adequately rebut the nondiscriminatory reason provided by the agency, summary judgment should be granted. Id.

In this case, Mr. Kenney gave Plaintiff a number of assignments while she was under his supervision. He expressly told Plaintiff that he would be monitoring her progress on those assignments to evaluate whether she was prepared for a promotion to GS-14. Of the four major assignments Mr. Kenney assigned Plaintiff, he found that she had problems completing the projects in a timely manner or that she had difficulty working with other individuals assigned to work with her in all four circumstances. Tellingly, Plaintiff does not dispute that she completed these projects sufficiently. Instead, she merely seems to argue that the monitoring process should not have taken place. Plaintiff has not provided any evidence other than her own conclusory assertions to rebut this explanation.

"As courts are not free to second-guess an employer's business judgment,' a plaintiffs mere speculations are 'insufficient to create a genuine issue of fact regarding [an employer's] articulated reasons for [its decisions] and avoid summary judgment." Brown, 199 F.3d at 458-459. Like the plaintiff in Brown, Plaintiff provides a number of theories to rebut the explanation provided by Mr. Kenney. Theories alone, however, are not enough and, absent more, the motion for summary judgment should be granted. Id. at 459.

    C.    Plaintiff's disparate treatment claim should fail because Defendant has supplied a nondiscriminatory reason for its action

"In a Title VII disparate-treatment suit where an employee has suffered an adverse employment action and an employer has asserted a legitimate, non-discriminatory reason for the decision, the district court need not – *and should not* – decide whether the plaintiff actually made out a prima facie case...." Brady v. Office of the Sergeant at Arms, 520 Fed.3d 490, 494 (D.C. Cir. 2008) (Emphasis in original). Rather, the court must determine whether or not the plaintiff has produced

evidence sufficient to show that the defendant's "non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of race, color, religion, sex, or national origin." Id. Here, Plaintiff has failed in two regards. First, she has failed to show that any adverse action was taken against her. Second, even assuming an adverse action was taken against Plaintiff, she has provided no evidence that Defendant's stated reason for its action was really a cover for intentional discrimination.

In making her disparate treatment claim, Plaintiff places greater emphasis on the fact that she was reminded or required to keep Mr. Kenney aware of the meetings she was having with Indian tribes or other third parties, as he began to require of everyone under his supervision. She calls this a restriction. Plaintiff's Opposition at 20. Being required to discuss sensitive meetings such as those involving Indian tribes, however, is not an adverse action under the law. It is good management. Burton v. Batista, 339 F. Supp 2d at 110. As explained above, "[t]he D.C. Circuit has noted that formal criticism or poor performance evaluations are generally not adverse employment actions if they do not affect the employee's grade or salary." Id. at 110-111. Moreover, Plaintiff produces no evidence to permit the inference that this "restriction" was really a cover for intentional discrimination against her based on her race. Accordingly, summary judgment should be granted with regard to Plaintiff's disparate treatment claims.

## CONCLUSION

For the foregoing reasons, this Court should grant the DOI's Motion for Summary Judgment on the remaining claims in this action.

DATED: August 4, 2008.                Respectfully,

    /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


    /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


    /s/
CHRISTIAN A. NATIELLO, D.C. Bar #473960
Assistant United States Attorney
555 4th St., N.W.
Room E4112
Washington, D.C. 20530
(202) 307-0338