UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Rene Cochise,) | |
| ) | |
| Plaintiff,) | |
| ) | |
| v.) | Civil A. No. 06-980 (RJL) |
| ) | |
| Dirk Kempthone, Secretary,) | |
| United States Department of Interior,) | |
| ) | |
| Defendant.) | |
| ) | |

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

To prevail on a claim of retaliation, the Court has held that "[t]he Seventh and District of Columbia Circuits have said the plaintiff must show that the 'employer's challenged action would have been material to a reasonable employee,' which in contexts like the present one means that it would likely have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), (quoting *Washington v. Illinois Dept. of Revenue*, 420 F. 3d 658, 662 (CA7 2005); see *Rochon v. Gonzales*, 438 F. 3d 1211, 1217-1218 (CADC 2006)).

The *Burlington* Court further held that (1) the exclusion of an employee from a weekly training lunch that contributes significantly to the employee's professional advancement might well deter a reasonable employee from complaining about discrimination; (2) finding actionable retaliation where an employer filed false criminal charges against a former employee who complained about discrimination; (3) an

1

employer can effectively retaliate against an employee by taking actions not directly related to his employment or by causing him harm *outside* the workplace; and (4) reprisals include, retaliatory work assignments, and an employee suspension, even if the employee receives back pay.

    A.    **The Reassignment of an Employee and the Issuance of a Letter of Reprimand may Constitute Materially Adverse Actions for Purposes of Retaliation.**

In the instant case, the Defendant issued Rene Cochise a letter of counseling which contained confidential EEO settlement information that was placed in her permanent personnel folder. The Defendant's issuance of the letter of counseling [that contained confidential EEO information] was met to discourage Rene Cochise from engaging in further contact with her EEO counselor. The issuance of letter of counseling was also used as a reason to prohibit Ms. Cochise from receiving a career ladder GS-14 promotion.

In this Circuit, at least one Court has held that a reassignment and letter of reprimand may constitute materially adverse actions for purposes of her retaliation. *Wada v. Tomlinson,* 517 F. Supp 2d 148 (D.D.C. 2007). Ms. Cochise was denied promotion because of the issuance of the letter of counseling and other related actions of Mr. Kenny. However, Mr. Kenny's discriminatory actions arose from the conflict that he created by his inappropriate romantic relationship with a subordinate employee. The inappropriate work relationship ultimately created a hostile work environment.

Secondly, Ms. Cochise was prevented from receiving time sensitive documents that affected her ability to perform her duties as an acting director. This too reflected adversely on her promotional opportunities. The Court stated that "[i]t is therefore

'important to separate significant from trivial harms,' *id.,* and to recognize that the 'significance of any given act of retaliation will often depend upon the particular circumstances.'" In this regard, Ms. Cochise, [the acting director] was unable to complete a time sensitive report to Congress, and that reflected negatively upon her ability to complete required assignments. Plaintiff also notes that contrary to the Defendant's misrepresentations, neither Mr. Kenny nor his secretary apologized to Ms. Cochise for failing to release the time sensitive material.

Mr. Kenny also used this incident as a justification for her non-promotion. In this jurisdiction, the Court has stated that a "negative performance evaluation may constitute an adverse action." *Vance v. Chao,* 498 F. Supp 2d 182, 185 (D.D.C. 2007), (quoting *Richardson v. Gutierrez,* 477 F. Supp. 22, 29 (D.D.C. 2007)).

### B. The Physical Restraint of an Employee is not a Petty Slight, or Minor Annoyance or Simple Lack of Good Manners.

The Defendant physically restrained Ms. Cochise, when he grabbed her wrist and pried her fingers from a travel voucher. Mr. Kenny entered Plaintiff's office, came behind her desk and grabbed the travel voucher. Ms. Cochise simultaneously took hold of the document and she never touched or attempted to harm Mr. Kenny. However, Mr. Kenny's strong-arm tactics [grabbing Plaintiff's wrist and fingers] created an intimating, frightening and hostile work environment. *See and compare, Trujillo v. Health Sciences Center,* 157 F. 3d 1211, 1214 (10th Cir. 1998). Certainly upper management never considered the altercation a "minor annoyance" because management immediately transferred and detailed Ms. Cochise to the security and law enforcement branch.

3

### C. An Administrative Investigation may constitute a Reasonable Basis for a Retaliation Claim.

Finally, the Defendant initiated an "administrative investigation" of Ms. Cochise's alleged misconduct, and Mr. Kenny issued an improper and unlawful "criminal prosecution" warning during the administrative investigation. Ultimately, Mr. Kenny concluded that there was no misconduct found. Despite this admission, the Defendant still argues [in bad-faith] that Ms. Cochise exhibited inappropriate behavior. *See, Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment, pgs. 4, ¶ 3, and 5 ¶ 1.* This disciplinary action [administrative investigation] was also used to justify her non-promotion.

In *Velikonja v. Gonzales,* 466 F. 3d 122 (D.D.C. Cir. 2006), "the D.C. Circuit raised but declined to address the question of whether a 'mere investigation' without more, can constitute an adverse action for purposes of a retaliation claim under *White. Id.* at 123-24. The plaintiff in *Velikonja* alleged not just that she was subject to an investigation, but that she was prevented from receiving promotions during the pendency of the investigation. *Id.* at 124. Applying *White* the Court found that the retaliation claim could survive a motion to dismiss, '[b]ecause a reasonable jury could find that the prospect of such an investigation could dissuade a reasonable employee from making or supporting a charge of discrimination.'"

Another local federal trial court held that monitoring and investigation of a plaintiff's work performance will not rise to the level of an adverse action for purposes of a discrimination claim, but "given *White*, the same analysis does not control the

determination of whether these claims constitute adverse action for purposes of retaliation." *Rattigan v. Gonzales,* 503 F. Supp. 2d 56, 76 (D.D.C. 2007).

The Defendant attempts to mislead the Court by stating that "in the context of discrimination, a letter of counseling, a letter of reprimand or less than stellar performance evaluation are not considered materially adverse under the law." *See, Defendant's Opp. To Plaintiff's Motion for Partial Summary Judgment, p. 4 ¶ 2.* Defendant fails to discuss them in the context of retaliation. In this jurisdiction, the Plaintiff's retaliation claims may be actionable, and they can certainly survive summary judgment.

The Defendant's aforementioned retaliatory acts were neither, "petty slights, minor annoyances or a simple lack of good manners." *See 2 EEOC 1998 Manual §8, p. 8-13.* Defendant's false allegations adversely affected Ms. Cochise's promotional opportunities, and they were used as a basis to deny Ms. Cochise a GS-14 promotion. Therefore, a reasonable employee would find that Mr. Kenny's actions were materially adverse and intimating.

On several occasions, Ms. Cochise refused to contact an EEO Counselor to complain, even though she felt that Mr. Kenny took reprisals against her for her previous EEO activity. On several occasions, Ms. Cochise was dissuaded from complaining about Mr. Kenny's conduct because she just wanted to keep the peace. In its opposition, the Defendant describes Chris Kenny's retaliatory actions as "trivial," however; these are the very acts that would dissuade a reasonable employee from complaining or assisting in complaints about discrimination. Therefore, the claims fully support and establish the requisite evidence of reprisal or retaliation.

Respectfully submitted,

*Frazer Walton, Jr.*
Frazer Walton, Jr.
920 Burns Street, S.E.
Washington, D.C. 20019
(202) 584-7572

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing reply to defendant's opposition to plaintiff's motion for partial summary judgment was send through the Court's electronic mail system and served on the Office of the United States Attorney for the District of Columbia on August 20, 2008.

*Frazer Walton, Jr.*
Frazer Walton, Jr.