UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENE COCHISE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KEN SALAZAR, Secretary, Department of the Interior,[1] | ) Civil Case No. 06-980 (RJL) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION
(March 7, 2009) [#13, 14]

Plaintiff Rene Cochise ("Cochise") sued defendant Gale Norton, then-Secretary of the Department of the Interior, in her official capacity, alleging three separate claims under Title VII of the Civil Rights Act: hostile work environment, retaliation, and discrimination based on race. Plaintiff and defendant filed cross-motions for summary judgment. Because there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law, defendant's motion for summary judgment is GRANTED, and plaintiff's motion for partial summary judgment is DENIED.

### BACKGROUND

Plaintiff, a Native American, is a policy analyst with the United States Department of the Interior. Compl. ¶¶ 3, 11. She has been employed by the agency's Bureau of Reclamation in the Native American Affairs Office since 1997, Compl. ¶ 3,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), if a public officer named as a party to an action in his official capacity ceases to hold office, the court will automatically substitute that officer's successor. Accordingly, the Court substitutes Secretary of the Interior Ken Salazar for former Secretary Gale Norton.

and has not been promoted to a GS-14 pay grade level during that time. Pl. Mot. for Partial Summ. J. at 3.

Conflict erupted in the workplace between plaintiff and her supervisor, Chris Kenney, shortly after plaintiff joined the Bureau of Reclamation. In June 1999, plaintiff and Mr. Kenney met with an Equal Employment Opportunity ("EEO") mediator to discuss several issues, including plaintiff's allegations of a hostile work environment, an inappropriate relationship between Mr. Kenney and another employee, and Mr. Kenney's failure to approve plaintiff's promotion to a GS-14 position. Pl. Statement of Material Facts in Supp. of Pl.'s Opp. ("Pl. Opp. Facts") ¶ 10. As a result of that mediation, the parties formally agreed to talk to one another when either one perceived something the other had done as offensive. Pl. Mot. for Partial Summ. J. Ex. 1.

On December 6, 1999, plaintiff issued Mr. Kenney a letter, stating that she believed he was in violation of the agreement. Def. Mot. for Summ. J. Ex. D. Mr. Kenney followed up with a non-disciplinary letter of counseling, which highlighted plaintiff's "rude and discourteous behavior" and problems with her travel and work routine. Pl. Mot. for Partial Summ. J. Ex. 3. Mr. Kenney asked plaintiff to give proper respect to other employees in the office and to keep Mr. Kenney informed of plaintiff's travel, activities, and contacts outside the agency. *Id.*

Despite these communications, conflicts continued. In March 2000, when Mr. Kenney was not present, his secretary locked time-sensitive information in his office, which prevented plaintiff from meeting an agency deadline. Pl. Opp. Mot. at 14-15.

About one month later, Mr. Kenney suspended plaintiff's open travel authorization after plaintiff relocated to a different hotel on a company trip without informing Mr. Kenney of her change in plans. Pl. Opp. Facts ¶ 21. Mr. Kenney later denied plaintiff's request for a travel reimbursement for that trip and, upon realizing he had failed to make a copy of the voucher, entered plaintiff's office and requested it back. Pl. Opp. Facts ¶¶ 23-24. The parties differ significantly as to what happened next, but, according the plaintiff's version of events, Mr. Kenney "pinned" plaintiff against her desk and "twisted her fingers" until she released the voucher. *Id.* Another incident occurred on March 15, 2001, when Mr. Kenney conducted an administrative investigation into plaintiff's misconduct and warned her that she could be subject to criminal prosecution if she answered questions falsely.[2] Pl. Statement of Material Facts in Support of Pl. Mot. for Partial Summ. J. ¶ 14.

During the time frame in which these various incidents occurred, plaintiff filed several complaints with the EEO, all alleging that she was subject to a hostile work environment and that she was being discriminated against because of her race and prior EEO activity. Pl. Mot. for Partial Summ. J. Exs. 4-5. After considering her complaints, an Administrative Judge ("AJ") found that plaintiff had not established, by a preponderance of the evidence, that the agency subjected her to discrimination or a hostile work environment, or retaliated against her for prior EEO activity. Def. Mot. for Summ. J. Ex. L at 5, 7-8. The AJ concluded that plaintiff "was a disruptive and

---

[2] Plaintiff offers other cursory descriptions of incidents as evidence of discrimination, retaliation, or hostile work environment, but none of those allegations were substantially addressed in the summary judgment briefs or the parties' statements of material facts.

3

insubordinate employee." *Id.* at 5. Plaintiff appealed that order to the EEOC's Office of Federal Operations, which upheld the AJ's decision. Def. Statement of Undisputed Facts ¶ 31. Plaintiff filed her complaint in this Court on May 26, 2006. The parties filed cross-motions for summary judgment in June 2008. For the following reasons, the Court GRANTS defendant's motion for summary judgment.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment shall be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party opposing a motion for summary judgment, however, "may not rely merely on allegations or denials in its own pleading; [but] . . . must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). In deciding whether there is a disputed issue of material fact, the Court must draw all justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## ANALYSIS

Plaintiff alleges three separate causes of action under Title VII: discrimination based on race, retaliation for engaging in protected activity, and a hostile work environment. Unfortunately for Cochise, there are no genuine issues of material fact

4

as to any of these causes of action and the defendant is entitled to judgment as a matter of law.

## I. Discrimination

Title VII of the Civil Rights Act prohibits the federal government from discriminating in employment on the grounds of race. 42 U.S.C. § 2000e-16(a). Until recently, when a plaintiff had not provided direct evidence of discrimination, the complex burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), governed the Court's analysis. The D.C. Circuit has now simplified this procedural structure. *See Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 493-94 (D.C. Cir. 2008). Pursuant to *Brady*, if an employee has suffered an adverse employment action and the employer asserts a legitimate non-discriminatory reason for taking such action, a court need only determine whether a reasonable jury could find that the employer's asserted reason "was not the actual reason and that the employer intentionally discriminated against the employee[.]" *Id.*

Plaintiff alleges that she was denied a promotion to a GS-14 position, which qualifies as an adverse employment action,[3] because of racial animus on the part of her supervisor. The Department of the Interior provided a legitimate, non-discriminatory reason for her non-promotion: plaintiff was a "difficult employee" who

---

[3] Plaintiff asserts numerous wrongs that were done to her by Mr. Kenney, but only her allegation that she was denied a promotion to a GS-14 status qualifies as an adverse employment action. *See Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008) (the typical adverse actions in employment discrimination cases are being "fired, or denied a job or promotion, [or] . . . suffer[ing] any reductions in salary or benefits"); *Burton v. Batista*, 339 F. Supp. 2d 97, 110 (D.D.C. 2004) (in determining what constitutes an adverse employment action, "a court should focus on 'ultimate employment decisions' such as 'hiring, granting leave, discharging, promoting, and compensating,' not intermediate decisions 'having no immediate effect upon employment decisions.'") (internal citations omitted).

had trouble completing projects in a timely manner and who had problems working with fellow employees. Def. Mot. for Summ. J. at 2, 12. Because plaintiff has not shown that this reason is a pretext, her discrimination claim must fail.

Plaintiff's argument amounts to little more than this: in a performance evaluation, Mr. Kenney rated her performance level as "achieved," and, on three occasions, approved her for monetary awards. Pl. Opp. Mot. at 6-12. He did not later consider those awards when making his promotion decisions. Pl. Opp. Mot. at 9-12. Plaintiff somewhat confusingly points to these awards and her performance appraisals – which were at the bare minimum to be eligible for promotion – as clear evidence that she should have been given a promotion and argues that defendant's failure to promote her was therefore discriminatory. Pl. Opp. Mot. at 12. But this argument does not adequately rebut the non-discriminatory reason provided by defendant. Plaintiff was a "difficult employee," Def. Mot. for Summ. J. at 2, who exhibited "rude and discourteous behavior" towards other employees. Pl. Mot. for Partial Summ. J. Ex. 3. Plaintiff's reliance on an unexceptional performance evaluation and a smattering of awards is not sufficient to show pretext when so many other factors weighed heavily against giving plaintiff a promotion. The discrimination claim must therefore be dismissed.

## II. Retaliation

Plaintiff's allegations in support of her retaliation claim fare little better. To prove retaliation, the plaintiff generally must establish that she suffered (i) a

materially adverse action (ii) because she had brought or threatened to bring a discrimination claim. *Baloch v. Kempthorne*, 550 F.3d 1191, 1198 (D.C. Cir. 2008).

Plaintiff points to four separate events as the basis for her retaliation claim: (1) the December 1999 letter of counseling sent by Mr. Kenney to plaintiff; (2) the plaintiff's inability to retrieve time-sensitive material from Mr. Kenney's office; (3) the altercation over a travel voucher; and (4) the warning Mr. Kenney gave to plaintiff during the administrative investigation. Pl. Mot. for Partial Summ. J. at 3. None of these allegations qualify as materially adverse employment actions because they would not "'have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)).

Neither letters of counseling that contain job-related constructive criticism,[4] like the one Mr. Kenney issued to plaintiff, nor warnings without attendant effects on employment, such as Mr. Kenney's caution against dishonesty during the administrative investigation, are materially adverse employment actions. *See Baloch*, 550 F.3d at 1199; *Halcomb v. Office of Sergeant at Arms*, 563 F. Supp. 2d 228, 246-47 (D.D.C. 2008). Plaintiff's inability to access time-sensitive documents also does not qualify because it did not result in any tangible job consequence, but was instead emblematic of what the Supreme Court itself has characterized as the "minor

---

[4] Plaintiff alleges that this particular letter contained confidential information from a settlement agreement, but the Court fails to see how the inclusion of this information – which was known both by the sender and the recipient of this letter – is an adverse employment action.

annoyances that often take place at work and that all employees experience." *White*, 548 U.S. at 68.

The most serious claim of the bunch is the alleged altercation between Mr. Kenny and plaintiff over the travel voucher, but even this incident fails to rise to the level of regularity or severity that would qualify it as a materially adverse action. While a tug-of-war over a document may be emotionally or physically draining, it was a single incident involving minimal contact, not a materially adverse employment action. *See Baloch*, 550 F.3d at 1199 (four separate verbal altercations between an employee and a supervisor "did not meet the requisite level of regularity or severity to constitute material adversity for purposes of a retaliation claim.").

Even if these incidents could be read as materially adverse actions, or if plaintiff could be deemed to be alleging the denial of a promotion as the basis for her retaliation claims, she fails to show a causal connection between her EEO activity and these incidents. Plaintiff alleges a close temporal proximity between the protected activity and the adverse actions, and, in many cases, a temporal relationship may be enough for a court to infer causation. *Holcomb v. Powell*, 433 F.3d 889, 903 (D.C. Cir. 2006). However, plaintiff undercuts her claims by providing an alternate cause for these incidents: the conflict created by Mr. Kenney's "inappropriate romantic relationship with a subordinate employee." Pl. Reply at 2. Because plaintiff herself points to reasons for Mr. Kenney's behavior other than the EEO activity, she has failed to show the necessary causal connection between the protected activity and the

adverse actions. Therefore, defendant's motion for summary judgment as to this cause of action must be granted.

### III. Hostile Work Environment

Plaintiff further alleges that she was subject to a hostile work environment, but this claim, too, fails. To establish a prima facie hostile work environment claim, a plaintiff must demonstrate that: (1) she is a member of a protected class; (2) she was subject to unwelcome harassment; (3) the harassment occurred because of her race or her protected activity; (4) the harassment affected a term, condition or privilege of employment; and (5) the employer knew or should have known of the harassment, but failed to take any action to prevent it. *See Singletary v. District of Columbia*, 225 F. Supp. 2d 43, 62 (D.D.C. 2002); *Kelley v. Billington*, 370 F. Supp. 2d 151, 156 (D.D.C. 2005). To sustain a hostile work environment claim, a plaintiff "must produce evidence that she was discriminated against because of her [status]." *Bryant v. Brownlee*, 265 F. Supp. 2d 52, 63 (D.D.C. 2003) (quoting *Richardson v. New York State Dep't of Corr. Serv.*, 180 F.3d 426, 440 (2d Cir. 1999)).

Plaintiff fails to provide any evidence that the alleged harassment occurred because of her race or protected activity, and, in fact, points to her supervisor's romantic relationship with a subordinate as the cause for the hostile work environment. Pl. Opp. Facts ¶ 5; Pl. Opp. Mot. at 13. Plaintiff contends she was subject to a hostile work environment because, among other things, her supervisor allegedly denied her a promotion, Compl. ¶ 13; denied her request to have another witness present in a meeting, Compl. ¶ 21; suspended her open travel authorization,

Compl. ¶ 22; engaged in a physical altercation with plaintiff, Compl. ¶ 24; and proposed a three day suspension, Compl. ¶ 26. But this list of incidents and allegations "contains at least one glaring defect: none of the allegations give rise to an inference of discrimination by defendant based on race[.]" *Bryant*, 265 F. Supp. 2d at 63. Similarly, plaintiff provides no evidence that the allegedly hostile work environment occurred because of her protected activity.

In fact, plaintiff undermines her claims by pointing to another cause altogether for the allegedly hostile work environment: "the romantic relationship between Mr. Kenney and his subordinate employee." Pl. Opp. Mot. at 13. While Mr. Kenney's relationship with a subordinate, if true, may be unprofessional, it is neither discriminatory nor retaliatory as to the plaintiff. Therefore, because plaintiff herself argues that the alleged romantic relationship, not discrimination or retaliation, caused the hostile work environment, this claim must also be dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED, and plaintiff's motion for partial summary judgment is DENIED.

/s/ Richard Leon
_____
RICHARD L. LEON
United States District Judge